[Civ. No. 8177. Second Appellate District, Division One.—December 4, 1931.]

WESTERN PIPE AND STEEL COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, Respondent.

John W. Carrigan for Petitioner.

No appearance for Respondent.

THE COURT.—The petition asks for a writ of prohibition to be directed to the Industrial Accident Commission.

It appears that by an order dated March 24, 1931, the Commission made a decision that the injury to the employee (petitioner in that proceeding) was not caused by the serious and wilful misconduct of the defendant Western Pipe & Steel Company.

Thereafter said employee Huston applied to this court for a writ of review, and his petition was denied. Since that time Huston has presented to the Commission a petition to reopen the case upon the ground that certain of the facts were not correctly determined by the Commission in its former decision. The application of Huston to the Commission is made under section 20 (d) of the Workmen's Compensation Act (Stats. 1917, p. 850), being the section which provides for continuing jurisdiction of the Commission over all of its orders, decisions and awards, to the extent and

within the limitations there prescribed. The Commission, without making any formal order either granting or refusing to reopen the case, has set it down for hearing.

Petitioner Steel Company now contends that the Commission is without jurisdiction to reopen a cause like the one in which it is about to act; and in order to prevent the Commission from further proceeding therein now files this application for a writ of prohibition.

It may be, or not, that such proceedings by the Commission would be outside of its jurisdiction. Before we can approach that question it must first be settled that this court is authorized to issue writs of prohibition against proceedings of the Industrial Accident Commission. The Constitution (art. XX, sec. 21), which provides for industrial accident legislation, vests in the legislature "plenary powers" in relation to the subject, with authority to establish an Industrial Accident Commission, and to fix and control, among other things, "the manner of review of decisions rendered by the tribunal or tribunals designated by it; provided, that all decisions of any such tribunal shall be subject to review by the appellate courts of this state".

Section 67 (d) of the Compensation Act (Stats. 1917, p. 876) declares: "No court of this state, except the supreme court and district courts of appeal *to the extent herein specified,* shall have jurisdiction to review, reverse, correct or annul any order, rule, regulation, decision or award of the commission, or to suspend or delay the operation or execution thereof, *or to restrain, enjoin or interfere with* the commission in the performance of its duties; provided, that a writ of *mandamus* shall lie from the supreme court or the district courts of appeal in all proper cases." So far as we have been able to ascertain, the question which we have suggested has not been the subject of any decision.

In *Gumilla* v. *Industrial Acc. Com.,* 187 Cal. 638 [203 Pac. 397], where writ of review was denied because the application for the writ was prematurely made, the Supreme Court said: "It may be that effectual relief could be given by this court or the district court of appeal under its general jurisdiction by means of a petition for a writ of prohibition. As the question is not before us, we express no opinion on that subject."

If the writ of prohibition is to be allowed in this case, the like procedure would be permissible in any case where it could be shown that said Commission is about to proceed beyond or in excess of its jurisdiction. But the statute plainly intends, so far as the "prerogative writs" are concerned, in relation to proceedings of the Industrial Accident Commission, that the court shall not interfere other than by writ of review, or by mandate, as in such statute provided.

The petition for writ of prohibition is denied.