[Civ. No. 2690.   First Appellate District, Division One.—February 10, 1919.]

GEORGE GAMBLE, Petitioner, v. SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

WORKMEN'S COMPENSATION ACT — INDUSTRIAL ACCIDENT COMMISSION— JURISDICTION — APPLICATION TO STAY EXECUTION ON AWARD.—The Industrial Accident Commission is a court of limited jurisdiction, wholly without power or authority in matters of general jurisdiction without the scope of the Workmen's Compensation Act, and therefore properly refused to entertain an application on equitable grounds to stay execution upon a judgment, entered upon its award against an employer and its insurance carrier for the death of an employee, when such application was made by one who had not joined in any of the previous proceedings before the commission and had not ques-

tioned the validity of the award prior to its final adjudication by
the commission and its affirmance by the supreme court.

ID.—ACTION TO ENJOIN ENFORCEMENT OF AWARD — JURISDICTION OF
COURT OF EQUITY—FRAUD—IRREMEDIABLE INJURY.—Courts of equity
have jurisdiction to enjoin the enforcement of an award of the Indus-
trial Accident Commission by execution or process upon the ground
that the same was obtained by fraud and that its enforcement will
result in irremediable injury to the plaintiff.

ID.—JURISDICTION OF SUPERIOR COURT—INTERPRETATION OF SUBSECTION D
OF SECTION 84 OF ACT.—The proper interpretation of subsection d
of section 84 of the Workmen's Compensation Act does not de-
prive the superior court of jurisdiction to entertain an action wherein
a stranger to a proceeding theretofore pending before the commis-
sion seeks, upon a showing of extrinsic facts, to restrain a party who
has obtained an award and who has caused a judgment to be en-
tered thereon, from enforcing such judgment by execution in fraud-
ulent violation of a contract not to obtain and not to enforce such
award and judgment to the plaintiff's injury.

PROCEEDING in Mandamus to compel the Superior
Court of Alameda County to entertain and pass upon the
merits of a certain action pending in said court; also to
compel the Industrial Accident Commission to stay execution
upon a certain award. Dismissed as to Industrial Accident
Commission; granted as to said Superior Court.

The facts are stated in the opinion of the court.

W. G. Deal and J. Early Craig for Petitioner.

Christopher M. Bradley and Frank Mitchell, Jr., for
Respondents.

RICHARDS, J.—This is an application for a writ of man-
date to be directed to the superior court of the county of
Alameda and Honorable Joseph S. Koford, one of the judges
thereof, commanding said court and judge to entertain and
pass upon the merits of a certain action pending in said
court, numbered 54,504, and entitled "George Gamble, Plain-
tiff, *vs.* Helen Angus and White Gulch Mining Co., a Corpo-
ration, Defendant," and also commanding the Industrial
Accident Commission of the state of California and the mem-
bers thereof to stay execution upon a certain award and the
judgment entered thereon in a certain proceeding instituted

by said Helen Angus before said commission, fixing at the sum of five thousand dollars the liability of the said White Gulch Mining Company, a corporation, for the death of her husband as an employee of said corporation.

The facts upon which the petitioner relies for the relief sought in this application are briefly these: Wm. Angus was prior to October 30, 1914, the president and superintendent of the White Gulch Mining Company, of which the Pacific Coast Casualty Company was the insurance carrier. On said last-named date said William Angus met with an accident while in the employ of said Mining Company from which his death ensued. He was at that time the owner of twelve thousand of the total issue of one hundred thousand shares of the capital stock of said mining corporation, which was community property, and to the ownership of which his widow, Helen Angus, in due course of probate succeeded. Within the time allowed by the Workmen's Compensation Act [Stats. 1913, p. 279] said Helen Angus instituted proceedings before the Industrial Accident Commission against said White Gulch Mining Company and its insurer to fix liability for the death of her husband. While said proceeding was pending before the commission Helen Angus offered to sell her said holding of stock in said corporation to George Gamble, the petitioner herein, for the sum of seven thousand five hundred dollars, but said Gamble informed said Helen Angus that he would not purchase said stock if said White Gulch Mining Company was required to pay anything on account of any liability growing out of the death of her husband; whereupon said Helen Angus represented and promised to said petitioner that she would not look to said White Gulch Mining Company for or on account of said liability; and relying upon her representations and promises in that regard, the petitioner purchased her said stock, paying therefor the sum of seven thousand five hundred dollars, and that he is still the owner and holder of said stock; that notwithstanding her said representations and promises said Helen Angus has proceeded to obtain an award from said commission against said White Gulch Mining Company for the sum of five thousand dollars, and has proceeded to cause a certified copy of the findings of the commission and of said award to be filed in the office of the county clerk of the county of Mariposa, and a judgment for said sum against the said White Gulch Mining Company

to be entered thereon, upon which judgment she now threatens to have an execution issued and enforced against the property of said corporation, to the petitioner's irremediable injury.

The foregoing facts were presented in the complaint filed in the superior court of the county of Alameda in the action above referred to as having been instituted therein, and thereupon petitioner, as plaintiff therein, moved said court for the issuance of a preliminary injunction restraining said Helen Angus as one of the defendants therein from causing to be issued an execution upon the judgment entered upon the award of the commission, and taking any further proceedings for the enforcement thereof. The Honorable Joseph S. Koford, as judge of said court, refused to consider or pass upon the merits of said motion upon the sole ground that the said court had no jurisdiction of said matter, by reason of the provisions of subsection d of section 84 of the Workmen's Compensation Act. That thereupon the petitioner herein presented an application, setting forth substantially the same facts to the Industrial Accident Commission, praying for an order of said commission staying execution upon said judgment entered upon its award as aforesaid, but said commission also refused to entertain said application upon the ground that it had no jurisdiction in relation to the matters set forth therein. Thereupon this proceeding was instituted by the petitioner herein.

As to that portion of this petition wherein the petitioner seeks to have a writ of mandate issued, directing the Industrial Accident Commission to entertain and act upon the matters set forth in his application filed with that body, the subject may be briefly dismissed. We are entirely satisfied that the attitude of said commission, as set forth in its return herein, is based upon a correct view of the powers and jurisdiction of that tribunal under the act of its creation; that it is a court of limited jurisdiction, and is wholly without power or authority in matters of general jurisdiction without the scope of the Workmen's Compensation Act; that the petitioner herein, not having been a party to any proceeding before said commission in connection with its award in favor of Helen Angus and against the White Gulch Mining Company, and not having questioned the validity of said award prior to the final adjudication of the same by said commission, and its

affirmance by the supreme court of the state of California and also by the supreme court of the United States, the said application of said petitioner was in the nature of a new and original proceeding based upon extrinsic facts appearing upon the face of his said application, which were wholly without the jurisdiction of the commission to hear or determine. This being so, the application herein must be denied in so far as it relates to the respondent Industrial Accident Commission and the members thereof.

In so far as the application herein seeks the issuance of a writ of mandate directing the superior court of Alameda County and the said judge thereof to entertain and hear upon the merits all matters arising out of the institution and pendency before it of the case of *Gamble* v. *Angus et al.,* No. 54,504, above referred to, a more serious question is presented. The said action is in form and in the nature of the relief sought therein an equitable proceeding, wherein the plaintiff seeks to have the defendant Helen Angus enjoined from proceeding to collect by execution or other process a judgment against a corporation in which the plaintiff is a large stockholder, which judgment the plaintiff alleges in substance to have been obtained by fraud, and the enforcement of which will result in irremediable injury to the plaintiff. The sufficiency of said complaint as a pleading is not before us, since the proper forum for assault upon it by way of demurrer or otherwise is the court wherein the action is pending. With respect to said action we are of the opinion that it is one of a class of actions which courts of equity have heretofore and elsewhere taken cognizance of, and assumed jurisdiction and power to grant relief in. (*Givin* v. *Times etc. Pr. Co.,* 114 Fed. 92, [52 C. C. A. 40].) It is, however, the contention of the remaining respondent herein, the superior court and the judge thereof, that said court has been bereft of whatever jurisdiction it might have formerly possessed in matters of this character by virtue of the terms and effect of subsection d of section 84 of the Workmen's Compensation Act, which, so far as applicable to the question before us, reads as follows: "No court of this state (except the supreme court and the district courts of appeal to the extent herein specified) shall have jurisdiction to review, reverse, correct or annul any order, decision or award of the commission or to suspend or delay the operation or execution

thereof, or to restrain, enjoin or interfere with the commission in the performance of its duties.''

In considering the application to be given the foregoing provision of the Workmen's Compensation Act to the facts of the case before us, it is to be noted that neither the Industrial Accident Commission nor any of its members is a party to the action pending in the said superior court, and that in such action no attempt is being made to review, reverse, correct, or annul any order, decision, or award of the commission, or to restrain or interfere with the commission in the performance of its duties; and it is to be further noted that said action has not been instituted by a person who was a party to any proceeding before said commission or to any award which it has made, or to any judgment which has been obtained upon the making of such award; nor was said action brought by any person who would have been entitled to appear before said commission in the said proceeding before it, or to apply therein for a rehearing or reversal of its award; or to have obtained relief therefrom by way of a writ of review issued out of the supreme or appellate courts.

The question before us, reduced to its final analysis, is as to whether the phrase in the foregoing provision of the Workmen's Compensation Act assuming to deny to the courts of this state jurisdiction ''to suspend or delay the operation or execution'' of any order, decision, or award of the commission is to be given such breadth of application as to cover a case wherein a stranger to the proceeding theretofore pending before said commission seeks in a court of equity, upon a showing of extrinsic facts, to restrain the party who has obtained such award and who has caused to be entered a judgment thereon, from enforcing such judgment by execution in fraudulent violation of her contract not to obtain and not to enforce such award and judgment to the plaintiff's injury. We are of the opinion that a reasonable and proper interpretation of this clause of the Workmen's Compensation Act does not lead to its extension thus far, for to hold otherwise would be to so construe it that no agreement or arrangement made by a stranger to the record with the applicant obtaining an award from the commission, to the effect that it would not be enforced to his injury, could be availed of in a court of equity otherwise rightfully empowered to enjoin the violation of such an agreement. Suppose, for example, that the

party obtaining an award against an employer enforceable against the latter's property should agree with another, not a party to the proceeding, for a consideration to be applied on account of the award, to release a certain specified portion from the employer's said property from the effect of the award and of any execution to be issued thereon, and having received such consideration should proceed to levy upon such released property, would the person thus fraudulently affected be powerless to seek and obtain relief in a court of equity by virtue of this clause of the Workmen's Compensation Act? Or that the execution of this award were attempted to be levied upon property standing in the name of the employer, but of which the entire equitable interest and ownership was in another, would that other be cut off from seeking equitable relief against the sale of his property upon such execution by the terms of this clause in the act? We are not disposed to give to its terms a construction which would thus utterly divest courts of equity from entertaining actions of the character of those above indicated. The instant case falls in this category, and is one over which the superior court, which is the respondent herein, has jurisdiction, notwithstanding the foregoing provisions of the Workmen's Compensation Act.

It follows that as to it and the said judge presiding over it the writ should issue.

The petition herein, as to the Industrial Accident Commission and its members, is dismissed, and as to the said superior court and the judge thereof is granted. Let the writ issue accordingly.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 10, 1919.

All the Justices concurred, except Olney, J., who was absent.