[Civ. No. 7044. Second Appellate District, Division One.—May 12, 1930.]

KRIS VICKICH, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

588

Kelly, Stuart & Hendrick for Petitioner.

Everett W. Mattoon, County Counsel, Fred M. Cross, Deputy County Counsel, and Sherer & Howard for Respondents.

CONREY, P. J.—Petition for writ of prohibition. Petitioner applied to this court for writ of prohibition to prevent respondent court from proceeding further in the matter of a motion to recall and quash an execution upon a judgment entered in accordance with an award made by the Industrial Accident Commission.

The proceedings by which an award of said commission may be filed in a superior court, and judgment entered thereon and the judgment enforced, are outlined in section 21 of the Workmen's Compensation, Insurance and Safety Act of 1917. (Stats. 1917, p. 831; Deering's Gen. Laws, 1923 ed., Act 4749.) When a certified copy of the findings and award of the commission has been filed with the clerk of the superior court, judgment must be entered by the clerk in conformity therewith. The certified copy of the findings and award and a copy of the judgment constitute the judgment-roll.

In the case of an ordinary judgment of the superior court, the power of that court to stay or recall an execution is included in the general authority of the court to control its own proceedings. In said section 21, however, it is provided that "the commission, or any member thereof, may stay the execution of any judgment entered upon an award of the commission, upon good cause appearing therefor and upon such terms and conditions as may be imposed. A certified copy of such order shall be filed with the clerk entering judgment." It would seem to follow that when a stay has been ordered by the commission or by one of its members, no judge of a superior court would have authority to interfere with the operation of the order so made. But the question arises whether the judgment when entered upon an award of the commission becomes a judgment of the superior court, of such a nature that in the absence of any stay order made by the commission or one of its members the superior court acting through one of its judges may stay, or recall, or quash an execution. In section 20 (d) of the Compensation Act it is provided that the commission shall have continuing jurisdiction over its awards, and may at any time, upon notice, etc., rescind, alter or amend any award made by it upon good cause appearing therefor, at any time within 245 weeks from the date of the injury.

Article XX, section 21, of the Constitution of California, which authorizes the legislature, by appropriate legislation, to create a system of workmen's compensation, gives to the legislature plenary power in relation to the manner of review of decisions of the compensation tribunal; "Provided, that all decisions of such tribunal shall be subject to review by the appellate courts of this state." ██ Section 67 of the Compensation Act, in subdivision (d) thereof, reads as follows: "The provisions of the Code of Civil Procedure of this state relating to writs of review shall, so far as applicable and not in conflict with this act, apply to proceedings in the courts under the provisions of this section. No court of this state, except the Supreme Court and the District Courts of Appeal to the extent herein specified, shall have jurisdiction to review, reverse, correct or annul any order, rule, regulation, decision or award of the commission, or to suspend or delay the operation or execution thereof, or to restrain, enjoin or interfere with the commission in the performance of its duties; *provided,* that a writ of *mandamus* shall lie from the Supreme Court or the District Courts of Appeal in all proper cases." From the foregoing quotation it appears that the superior court is deprived of jurisdiction to suspend or delay the execution of a judgment entered in the records of such court following upon and in accordance with an award of the commission. In the case at bar the real question presented is whether or not, in threatening to proceed to the hearing and determination of the motion to recall and quash the execution upon such a judgment, the court is exceeding its jurisdiction in that it is assuming authority to suspend the operation or execution of the judgment or of the award.

In the proceeding before us it appears that in accordance with an award made by the commission in favor of petitioner Kris Vickich and against one Tony Pleik, judgment was entered on September 15, 1928, in the sum of $1742.79; that on September 30, 1929, execution was issued and a levy made upon certain real property of the defendant, and the property advertised for sale, to be sold by the sheriff on November 4, 1929. On November 2, 1929, the defendant gave notice of motion to be made in the superior court on November 12th for an order to recall and quash the execution "on

the ground that the execution exceeds the present amount of the award and/or judgment.''

With the notice of motion an affidavit was filed, which, among other things, stated that pursuant to an application made to the commission, the commission on October 29, 1929, modified and reduced the original award, and among other things ordered that indemnity payments under the award be terminated as of August 26, 1928; that pursuant to the execution and levy made prior to said modification of the award the property levied upon (unless proceedings under the execution be restrained by order of the court) would be sold under the execution issued on the original judgment rather than on the award and judgment as now modified. Upon said notice of said motion and affidavit respondent court made an order restraining petitioner and the sheriff from making sale under said execution and levy during the pendency of said motion. The sheriff refused to sell the property, and continued the sale to November 18, 1929. On November 12, 1929, when the motion to recall and quash the execution came before the superior court for hearing, the petitioner objected to the hearing upon the ground that said court did not have jurisdiction of said proceeding. The court overruled that objection and indicated its intention to further proceed, and announced that upon the proper amount of the award being ascertained an order would be made reducing the amount to conform therewith, and continued the matter to November 15th for further hearing. On November 14, 1929, the petition for writ of prohibition was filed in this court, and an alternative writ issued, wherein and whereby further proceedings in the matter of said motion in the superior court are stayed until the further order of this court.

The question at issue here apparently has not been the subject of decision in any other case. In *Gamble* v. *Superior Court,* 39 Cal. App. 661 [179 Pac. 717], it was held that a superior court as a court of equity has jurisdiction to enjoin the enforcement by execution of an award of the Industrial Accident Commission upon the ground that the same was obtained by fraud. But the plaintiff in the action there under consideration had not been a party to any proceeding before the commission, and was not a person who would have been entitled to appear before the commission in the

proceeding before it. The provisions of the Compensation Act which authorize the entry of judgment upon an award and the issuance of execution thereon in the superior court are merely a method adopted for the enforcement of such awards, in lieu of machinery of enforcement which might have been provided for and given to the commission itself, to exercise through executive officers appointed for that purpose. Subject only to review by the Supreme Court or a District Court of Appeal, the judicial authority in relation to such awards appears to have been retained entirely within the Industrial Accident Commission. If the facts relied upon by the employer Pleik are such as to justify or require the recall or quashing of the execution, the authority to make such order is in direct terms vested in the commission or some one of its members. Section 21 of the Compensation Act so provides. In vesting such authority in one tribunal it seems clear that the legislature intended to withhold that authority from any other tribunal. The execution on a judgment entered upon an award of the Industrial Accident Commission, although in the form of an execution upon a judgment of the superior court, is in reality an execution upon the award of the commission. The clerk in issuing the execution, and the sheriff in making his levy and sale under the writ, are for the purposes of the proceeding instrumentalities of the commission in the enforcement of its award. That those officers are respectively the clerk of the county (*ex-officio* clerk of the superior court) and sheriff of the county are simply and only facts which under the statute qualify them to perform these duties. Our conclusion is that respondent court is without jurisdiction over the subject matter of the motion to recall or quash the execution.

Let the peremptory writ issue.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 4, 1930, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 7, 1930.