[Civ. No. 14658.   Second Dist., Div. One.   Mar. 15, 1945.]

ISADORE M. HOFFMAN, Respondent, v. WILLEDD ANDREWS et al., Appellants.

Willedd Andrews, in pro. per., for Appellants.

Joseph Friedman for Respondent.

DORAN, J.—This is an appeal from an order enjoining and restraining defendants from "proceeding with the execution, and from proceeding with any other levy or executions against plaintiff for the satisfaction of the judgment or claims of Andy McGehean against Isadore M. Hoffman," who is respondent in the within appeal.

In a proceeding before the Industrial Accident Commission, in due form, the plaintiff herein and the defendants herein were held jointly and severally liable as employers for injuries suffered by Andy McGehean, in whose favor the award of the commission was made.

The action herein is one in equity in which plaintiff alleges in substance that defendants falsely and fraudulently conspired to relieve themselves of liability for the satisfaction of the judgment of the Industrial Accident Commission and fasten the same upon plaintiff, alone. The merits of that action are not involved herein. Plaintiff, however, obtained an order, pendente lite, enjoining defendants from taking any action to satisfy the judgment of the Industrial Accident Commission and it is from such order that defendants seek to be relieved by the within appeal.

It is contended by appellants "that the Superior Court of the State of California is without power to take any action upon a Writ of Execution based on a Commission award of the Industrial Accident Commission of the State of California, as the Superior Court of the State of California is not mentioned in the Workmen's Compensation Law as one of the courts having jurisdiction to review or interfere with the awards of the Industrial Accident Commission, their execution or enforcement.

"The appellants further claim that an execution upon a judgment of the Superior Court based upon an award of the Industrial Accident Commission may be stayed, quashed or recalled only by an order of the Industrial Accident Commission pursuant to the California State Labor Code, Section 5808, the Court of Appeals of the State of California and the Supreme Court of the State of California, and appellants claim and vigorously assert that the Superior Court of the State of California does not have jurisdiction to stay, quash or recall such Writ of Execution."

It should be noted at the outset that the Industrial Accident Commission is not a party to the action; no attack is made on the award; the commission is a total stranger to the action. Section 5808 of the California State Labor Code, relied on by appellant, is entirely foreign to an action in equity in the superior court, hence, any reference to the provisions of said section is beside the issue. There is nothing in the Labor Code that, in any way or to any extent, purports to divest the superior court of its equity jurisdiction. Nor, indeed, do the provisions of section 21 of article XX of the Constitution authorize such legislation. The validity of an action in equity such as the one here considered, in effect, has been upheld. (*Gamble* v. *Superior Court*, 39 Cal.App. 661 [179 P. 717].)

That the superior court had power to issue the order complained of, there can be no question.

For the foregoing reasons the order appealed from is affirmed.

York, P. J., and White, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 10, 1945.