[L. A. No. 20275. In Bank. Nov. 21, 1947.]

JOHN E. LOUSTALOT, as Sheriff, etc., Petitioner, v. THE SUPERIOR COURT OF KERN COUNTY et al., Respondents.

906

Tom Scott, District Attorney, R. C. McKellips and Elvin B. Connolly for Petitioner.

V. P. DiGiorgio for Respondents.

TRAYNOR, J.—Petitioner, the sheriff of Kern County, California, seeks a writ of prohibition to restrain further proceedings in the Superior Court in and for the County of Kern in the matter of the application of Earl M. Price, hereinafter referred to as defendant, for a writ of habeas corpus. Defendant mailed a letter to the Industrial Accident Commission of California censuring a decision of that commission in a proceeding in which he was concerned. The commission adjudged defendant to be in contempt, and ordered that he be delivered to the custody of petitioner and that petitioner collect a fine of $50 from him or, in default thereof, that defendant be committed to the Kern County jail for a term of five days. Defendant refused to pay the fine and was committed to the county jail. He then filed an application for

a writ of habeas corpus in the Kern County Superior Court questioning the power of the Industrial Accident Commission to commit him to jail for mailing the letter. Honorable W. L. Bradshaw, the judge presiding in department two of that court, granted the writ but subsequently transferred the cause to the District Court of Appeal, Fourth Appellate District, on the ground that the superior court was without jurisdiction. The District Court of Appeal (*In re Price,* 4 Crim. 585, July 8, 1947) ordered the matter retransferred to the Superior Court of Kern County, where the matter is now pending.

The alternative writ of prohibition was granted to determine whether the superior court had jurisdiction to issue a writ of habeas corpus in this matter. (*Browne* v. *Superior Court,* 16 Cal.2d 593, 597 [107 P.2d 1, 131 A.L.R. 276].)

The Constitution of this state confers on the superior courts jurisdiction to issue writs of "habeas corpus by or on behalf of any person in actual custody, in their respective counties." (Cal. Const., art. VI, § 5.) Within their respective counties, the jurisdiction of the superior courts under this provision is generally considered concurrent with that of appellate courts. (*In re Zany,* 164 Cal. 724, 726 [130 P. 710]; *In re Hughes,* 159 Cal. 360, 364 [113 P. 684]; cf., however, *France* v. *Superior Court,* 201 Cal. 122, 127 [255 P. 815, 52 A.L.R. 869].) Section 21 of Article XX of the California Constitution provides, however, that the Legislature is "vested with plenary powers, unlimited by any provision of this Constitution, to create, and enforce a complete system of workmen's compensation, by appropriate legislation. . . ." In creating this system, the Legislature is likewise granted "plenary powers" to fix and control "the manner of review of decisions rendered by the tribunal or tribunals designated by it; provided, that all decisions of any such tribunal shall be subject to review by the appellate courts of this State." There are, therefore, two questions for decision with respect to the jurisdiction of the superior court in this case: whether the Legislature has constitutionally fixed the manner of reviewing Industrial Accident Commission decisions so as to exclude habeas corpus as an appropriate remedy, and whether the Legislature has so fixed the manner of reviewing decisions of the commission as to exclude superior courts from jurisdiction to review or otherwise interfere with the order in question.

■ In the exercise of its normal jurisdiction with respect to compensation awards or safety rules, the decisions of the commission are subject to review only by the methods set forth in the workmen's compensation law. (Lab. Code, §§ 5810, 6600-6601, 5950, 5955.) In these sections the Legislature has properly exercised its power to control the jurisdiction of the courts in regard to workmen's compensation proceedings. (*Thaxter* v. *Finn,* 178 Cal. 270, 273 [173 P. 163] ; *North Pacific S. S. Co.* v. *Soley,* 193 Cal. 138, 140 [223 P. 462].) The question whether habeas corpus is available to interfere with or review a contempt order of the commission is therefore solely one of statutory construction.

Section 5810 of the Labor Code provides that orders, decisions, or awards of the commission, made under division four of the Labor Code, the provisions with respect to compensation proceedings, "may be reviewed by the courts specified in sections 5950 to 5956 within the time and in the manner therein specified and not otherwise." The manner therein specified is an application for a writ of review in an appellate court after filing a petition for rehearing with the commission (Lab. Code, § 5950) or an application for a writ of mandate in a proper case. (Lab. Code, § 5955.) The courts specified in those sections are the Supreme Court and the District Courts of Appeal. (*Ibid.*) The scope of review afforded the petitioner is specified in sections 5952 and 5953. The same provisions are made the exclusive methods of review for proceedings under part one of division five of the Labor Code, with respect to workmen's safety. Whatever contempt powers the commission may have (a question not before this court in the present proceeding) are provided in sections 133 and 134 of division one of the Labor Code. Sections 5810, 6600 and 6601 are not applicable to proceedings thereunder. Reference to the provisions of the Workmen's Compensation Act of 1917 (Stats. 1917, p. 831) makes this conclusion abundantly clear. Sections 133 and 134 are continuations of section 63 of that act. (Lab. Code § 2.) Section 22 of the Workmen's Compensation Act of 1917 upon which section 5810 is based, applied only to proceedings under sections 6 to 31 of that act. Sections 6600 and 6601, governing safety proceedings, are based on section 45 of the 1917 act and that section applied only to decisions under the safety provisions of the act.

■ It has been suggested in one District Court of Appeal decision, however, that section 5955 prohibits court review of

any decision or order of the commission except by writ of review after a petition for rehearing. (See *Western Pipe & S. Co.* v. *Industrial Acc. Com.*, 119 Cal.App. 19, 20 [5 P.2d 920].) This section provides that, "No court of this State, except the supreme court and the district courts of appeal to the extent herein specified, has jurisdiction to review, reverse, correct, or annul any order, rule, decision, or award of the commission . . . but a writ of mandate shall lie from the supreme court or the district courts of appeal in all proper cases." The suggested construction of section 5955 was unnecessary to the decision in that case, for it was concerned with the availability of the writ of prohibition in a compensation proceeding, a matter clearly controlled by section 5810. The words "to the extent herein specified" in section 5955 refer, not to the method, but to the extent of the review, namely, the extent to which a court having jurisdiction can review the decision as specified in sections 5952 and 5953 of the Labor Code. Any other construction would make sections 5810, 6600 and 6601 superfluous.

It thus appears that the Legislature has not provided an exclusive method of reviewing decisions of the commission except insofar as compensation awards or safety rules are involved. The decision in *Brophy* v. *Industrial Acc. Com.*, 46 Cal.App.2d 278 [115 P.2d 835], is in accord with this conclusion. In this case the court reviewed and annulled a contempt order of the commission without requiring that a petition for rehearing be first filed with the commission. (See *Brophy* v. *Industrial Acc. Com.*, 6 Cal. Comp. Cases 15, 16.) Implicit in that decision is the holding that the normal proceedings specified for the review of the commission's decisions or orders (Lab. Code, § 5950) are inapplicable to the review of orders of the commission when the validity of compensation awards or safety rules are not involved. Moreover, the decision of this court in *In re Victor*, 220 Cal. 729, 730 [32 P.2d 608], is authority for the proposition that habeas corpus is available to determine the jurisdiction of the commission to punish for contempt. As will hereafter appear, section 67 of the Public Utilities Act (Stats. ex. sess. 1911, p. 55; Stats. 1915, p. 161; 2 Deering's Gen. Laws, 1944, Act 6386) contains substantially the same provision with regard to the Public Utilities Commission as is contained in section 5955 of the Labor Code, except that jurisdiction is limited to the Supreme Court. In the Victor case, this court granted a

writ of habeas corpus to determine the validity of a contempt order of the Railroad Commission.

■ Except insofar as review of commission action · by habeas corpus might involve the validity of a compensation award or safety rule, that writ is available to attack the validity of an order of the Industrial Accident Commission imprisoning defendant for contempt. ■ It does not follow, however, that because habeas corpus is available to defendant, the superior court had jurisdiction to issue the writ in this case. Although section 5955 does not provide an exclusive ·method for reviewing such orders or decisions, it clearly defines the courts having jurisdiction to reverse, annul or otherwise interfere with the operation of *any* order or decision of the commission: *"No court* of this State, *except the supreme court and the district courts of appeal* to the extent herein specified, *has jurisdiction to review, reverse, correct, or annul any order,* rule, *decision,* or award of the commission, *or to suspend or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the commission in the performance of its duties. . . ."* (Italics added.) This court has recognized the power of the Legislature under section 21 of article XX of the Constitution to limit the jurisdiction of the courts in reviewing Industrial Accident Commission decisions. (*Thaxter* v. *Finn, supra,* 178 Cal. 270, 273; *North Pacific S. S. Co.* v. *Soley, supra,* 193 Cal. 138, 140; see Hanna, Industrial Accident Commission Practice and Procedure, 275.)

An examination of the legislative history of section 5955 and of the decisions construing the similar section of the Public Utilities Act clearly shows that section 5955 means that superior courts have no jurisdiction to review or otherwise interfere with the operation of any order of the Industrial Accident Commission. The first workmen's compensation act in this state, the Roseberry Act, provided for review of decisions of the Industrial Accident Board by the superior courts, subject to appeal to this court. (Stats. 1911, p. 804, § 18; see *Great Western Power Co.* v. *Pillsbury,* 170 Cal. 180, 182 [149 P. 35].) At the time this act was passed the superior courts had similar jurisdiction to annul .decisions and orders of the Railroad Commission. (Stats. 1909, p. 506, § 22.) In the same year that the Roseberry Act was passed, an amendment to the Constitution was adopted granting the Legislature full authority to confer any powers on the Railroad Commis-

sion. (Art. XII, § 22, as amended October 10, 1911.) The Legislature then passed the Public Utilities Act of 1911 which provided in section 67 that, ''No court of this state (except the supreme court to the extent herein specified) shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission or to suspend or delay the execution or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties; *provided* that the writ of mandamus shall lie from the supreme court to the commission in all proper cases.'' (Stats. Ex. Sess. 1911, p. 55; reenacted in Stats. 1915, p. 161.)

In 1913, the Legislature passed the second workmen's compensation act, known as the Boynton Act, creating the Industrial Accident Commission. Section 84 of that Act (Stats. 1913, p. 318) contains a provision that follows almost word for word section 67 of the Public Utilities Act, except that jurisdiction to review, reverse, or annul commission orders or decisions is conferred on both the Supreme Court and the District Courts of Appeal. In the same year this court held that section 67 of the Public Utilities Act was a proper exercise of the power conferred on the Legislature by the Constitution to deprive superior courts of jurisdiction to review or interfere with decision of the Railroad Commission. (*Pacific Telephone etc. Co.* v. *Eshleman,* 166 Cal. 640, 652, 658 [137 P. 1119, Ann.Cas. 1915C 822, 50 L.R.A.N.S. 652].) Following the decision in that case, the Legislature reenacted section 84 of the Boynton Act as section 67 of the Workmen's Compensation Act of 1917. (Stats. 1917, p. 875.) Article XX, section 21 of the Constitution was then amended to its present form, conferring plenary power of the Legislature to control the review of Industrial Accident Commission decisions subject to the condition that decisions may be reviewed by the appellate courts. The amendment also ratified the creation of the commission and all the functions vested therein. In 1937, the provision in question was incorporated into the Labor Code without change as section 5955.

The foregoing legislative history shows without question that section 67 of the Public Utilities Act provided the model for section 5955 and that the decisions interpreting section 67 are likewise applicable thereto. The construction of section 67 of the Public Utilities Act adopted in the Pacific Telephone case, *supra,* has been followed in subsequent cases. (*Sexton* v. *Atchison etc. Ry. Co.,* 173 Cal. 760, 762 [161 P. 748]; *Wallace*

*Ranch W. Co.* v. *Foothill D. Co.,* 5 Cal.2d 103, 121 [53 P.2d 929]; *People* v. *Hadley,* 66 Cal.App. 370, 374 [226 P. 836]; *Independent Laundry* v. *Railroad Com.,* 70 Cal.App.2d 816, 822 [161 P.2d 827]; see *Truck Owners & Shippers Inc.* v. *Superior Court,* 194 Cal. 146, 152 [228 P. 19].) It is thus settled that a superior court has "no jurisdiction directly or indirectly to overrule an order of the railroad commission. The power to reverse, review, correct or annul orders of that commission rests solely in the Supreme Court (sec. 67 of the Public Utilities Act, *supra*) and the superior court is without jurisdiction in the premises." (*Wallace Ranch W. Co.* v. *Foothill D. Co., supra,* at 121.) "Even though the order by the railroad commission be palpably erroneous in point of law, until some order by the Supreme Court may be issued to the contrary, the original order of the commission must stand as a proper and legal order in the premises. . . . Such being the state of the law, it would follow that, as is provided by the act itself, the only relief which the aggrieved party may have from such an order is by or through a writ issued by the Supreme Court." (*People* v. *Hadley, supra,* at 375.)

▆ Likewise, an order of the Industrial Accident Commission, even though erroneous, may not be reviewed or annulled by the superior court and must stand as a proper and legal order until reversed by this court or a District Court of Appeal. The only relief afforded the aggrieved party is a writ by this court or a District Court of Appeal. The Constitution grants to the Legislature "plenary power, *unlimited by any provision of this constitution,* to create and enforce a complete system of workmen's compensation, by appropriate legislation. . . ." Moreover, it is expressly declared to be "the social public policy of this State, binding upon all departments of the State government," that the Legislature have full power to create a tribunal vested "with all the requisite governmental functions to determine any dispute or matter arising under such legislation, to the end that the administration of such legislation shall accomplish substantial justice in all cases *expeditiously,* inexpensively, *and without encumbrance of any character.* . . ." (Article XX, § 21; italics added.) The only limitation on this legislative power with respect to the tribunal in question, is the provision for review of its decisions by this court and the District Courts of Appeal.

In restricting any interference with the commission's decisions or orders to proceedings in the appellate courts, the

Legislature has carried out the declared policy of the constitutional provision that the commission be unencumbered by any but proceedings in the appellate courts. By granting a petition for habeas corpus, the superior court clearly interferes with the operation of the commission's order. Moreover, if the superior court discharged defendant, that decision would have the effect of annulling the commission's order. Even if the commission's order is valid, the decision of the superior court would be final, and not subject to review by the appellate courts. ■ No appeal lies from a decision of a superior court on habeas corpus (*In re Zany,* 164 Cal. 724, 726 [130 P. 710]), unless under the provision of section 1506 of the Penal Code it constitutes an order discharging a person convicted of an offense prosecuted by indictment or information. (*In re Page,* 214 Cal. 350, 354 [5 P.2d 605]; *In re Alpine,* 203 Cal. 731, 744, 745 [265 P. 947, 58 A.L.R. 1500]; *In re Murdock,* 5 Cal.2d 644, 646 [55 P.2d 843].) The Legislature, in accord with the Constitution, has provided that the legality of any order of the commission can be questioned only by the appellate courts. Certainly, the superior courts were not meant to have jurisdiction to determine finally the legality of such an order. Any such interference with an order of the commission must be considered an "encumbrance" on the administration of the workmen's compensation laws, within the power of the Legislature to prohibit. The defendant, if unlawfully imprisoned, is not denied an adequate remedy, but must seek relief in an appellate court having jurisdiction to review or annul the order in question.

Let a peremptory writ of prohibition issue as prayed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.