[Civ. No. 17421. First Dist., Div. Two. July 29, 1957.]

ALEXANDER L. GREITZ, Respondent, v. DIMITRI Y. SIVACHENKO et al., Appellants.

Dimitri Y. Sivachenko, in pro. per., for Appellants.

Alexander Riaboff for Respondent.

DRAPER, J.—Defendants appeal from a judgment ordering partition of real property by sale and division of the proceeds. By award filed August 5, 1954, the Industrial Accident Commission ordered appellant Dimitri Sivachenko to make payments to respondent on account of injuries sustained in the course of the latter's employment on September 29, 1953. Judgment on this award was entered in the superior court September 3, 1954. Appellants, as joint tenants, then owned the real property which is the subject of this action. On January 17, 1955, the sheriff, under execution issued upon the judgment, sold Dimitri's interest to respondent. After expiration of the period for redemption, the sheriff deeded this interest to respondent, who commenced this action for partition. The trial court found that partition of the property is impractical, ordered its sale by a referee, the proceeds to go (1) to payment of expenses of sale, (2) to payment of respondent's costs, and (3) the remainder to be divided equally between respondent and appellant Natalei Sivachenko. The court also ordered payment by appellants to respondent of $1,682.88, being half the rents received by appellants for said property from date of the sheriff's sale.

Appellants, appearing in propria persona, filed a letter by way of "brief" herein. Much of this letter is concerned with asserted errors of the Industrial Accident Commission in the fact determinations of its 1954 award. ■ However, this award is final (Lab. Code, § 5950) and, in any event, could be attacked only by writ of review filed in the Supreme Court or District Court of Appeal (Lab. Code, §§ 5950, 5955). This comment disposes of the issues directly raised by appellants' "brief." In view of the fact that appellants are not represented by counsel, we have, nonetheless, sought to find such points as they may, by inference or implication, have intended to assert.

■ It is asserted that appellant Dimitri received no notice of respondent's intention to seek judgment upon the commission's award. Apparently he argues that the judgment is void for that reason. But the proceeding for entry of judgment upon an award of the Industrial Accident Commission is plenary. Upon filing of a certified copy of the commission's award and order, the clerk must immediately enter judgment. (Lab. Code, § 5806.) The clerk in entering the judgment, and the sheriff in levying execution under it, act as instrumentalities of the commission, and not of the superior court, which has no jurisdiction to stay or modify any

proceedings under the award. (*Vickich* v. *Superior Court,* 105 Cal.App. 587 [288 P. 127]; *Loustalot* v. *Superior Court,* 30 Cal.2d 905 [186 P.2d 673].) Thus notice of institution of the proceeding for entry of judgment by the clerk not only is beyond the requirement of the statute, but would be pointless.

Appellant Dimitri petitioned for reconsideration by the Industrial Accident Commission August 23, 1954. The petition was denied September 23. He may be deemed to argue that the judgment entered September 3 was premature. But the statute provides that a petition for reconsideration stays the award for but 10 days, leaving further stay to the discretion of the commission. (Lab. Code, § 5910.) There is no showing of any extension of the 10-day stay, nor of any application to the commission for such stay. The superior court had no jurisdiction to stay entry of the judgment, (*Vickich* v. *Superior Court, supra*; *Loustalot* v. *Superior Court, supra*) and appellants, having failed to seek a stay order from the commission, cannot complain of the entry of judgment on the day following expiration of the statutory stay.

We do note an error in computation of rentals due respondent. Total rentals for the period in issue were $3,420. Respondent admittedly collected $74.25 of this amount. To effect an even division of the rents, after credit for this collection, respondent should receive $1,635.75, rather than the $1,682.88 awarded by paragraph 6 of the judgment. Also, the judgment for one-half of net rentals to respondent after the period covered by the above paragraph should provide that respondent recover such rents from January 18, 1956, rather than 1955, as stated in paragraph 7 of the judgment.

The judgment is modified in the two respects outlined in the preceding paragraph and, as modified is affirmed. Respondent to recover costs on appeal.

Kaufman, P. J., and Dooling, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 25, 1957.