[Civ. No. 24747.   First Dist., Div. Two.   Sept. 18, 1967.]

RAYMON PIZARRO, Petitioner, v. THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent; ALBERT D. ALVES, Real Party in Interest.

Edward Nelson for Petitioner.

No appearance for Respondent.

Gazzera & Antonioli and Robert Galluci for Real Party in Interest.

SHOEMAKER. P. J.—On July 27, 1961, the Industrial Accident Commission made special findings in regard to petitioner's claim against several defendants, including the real

party in interest. The commission found that a compromise and release, approved by order of July 29, 1960, relieved all defendants from further liability with the exception of the real party in interest. Petitioner was awarded the sum of $4,461.86 plus $500 attorney's fees, reasonable future medical and surgical expenses, together with interest thereon at the rate of 7 percent from the date of the award.

On June 18, 1964, the respondent court entered judgment for the sum of $4,961.86, which included attorney's fees, plus accrued interest of $1,008.41 and future medical expenses. A writ of execution was obtained in the Superior Court of Santa Clara County on April 14, 1967, directing the Sheriff of Sutter County to levy pursuant to instructions. The sheriff so levied and set a date for the sale of the real party's interest in certain property.

On May 16, 1967, respondent issued a restraining order enjoining petitioner and the sheriff temporarily from proceeding with the execution. On June 30, 1967, the respondent, in a memorandum decision, stayed and enjoined the execution as to all sums exceeding the sum of $1,125 plus interest thereon from December 12, 1960 to June 30, 1967. The court so acted after finding an agreement existed between the parties for the settlement of all the plaintiff's rights under the Industrial Accident Commission award for the total sum of $2,500.[1]

On July 13, 1967, the petition for a writ of prohibition was filed with the court

The respondent court observes in its memorandum decision that the motion involved an issue in an uncharted area. However, the few cases in the area, combined with the relevant provisions of the Labor Code, demonstrate the respondent erred when it concluded it had the requisite jurisdiction to enjoin the execution.

This case is resolved by Labor Code, section 5955.[2] This

[1]However, the Industrial Accident Commission, by special findings in 1961, found the compromise and release did not relieve the real party in interest, as stated above. Section 5001 of the Labor Code stated in relevant part: "No release of liability or compromise agreement is valid unless it is approved by the commission, a panel commissioner, or referee."

[2]Labor Code, section 5955, stated: "No court of this State, except the supreme court and the district courts of appeal to the extent herein specified, has jurisdiction to review, reverse, correct, or annul any order, rule, decision, or award of the commission, or to suspend or delay the operation or execution thereof, or to restrain, enjoin, or

section has been construed in several cases to mean exactly what it says.[3] In *Greitz* v. *Sivachenko* (1957) 152 Cal.App. 2d 849 [313 P.2d 922], the appellant contended that a superior court judgment on an Industrial Accident Commission award was void since he received no notice of the respondent's intention to seek the judgment complained of. The court disposed of this argument by stating: "But the proceeding for entry of judgment upon an award of the Industrial Accident Commission is plenary. Upon filing of a certified copy of the commission's award and order, the clerk must immediately enter judgment. (Lab. Code, § 5806.) The clerk in entering the judgment, and the sheriff in levying execution under it, act as instrumentalities of the commission, and not of the superior court, *which has no jurisdiction to stay or modify any proceedings under the award.*" (P. 850; italics added.) For authority, *Greitz* relied on *Vickich* v. *Superior Court* (1930) 105 Cal.App. 587 [288 P. 127], and *Loustalot* v. *Superior Court* (1947) 30 Cal.2d 905 [186 P.2d 673]. *Vickich* involved a proceeding in prohibition to prevent further proceedings on a motion to recall and quash an execution upon a judgment entered in accordance with the award made by the Industrial Accident Commission. The motion was made on the ground that the commission had modified and reduced the original award, and that the execution exceeded the amount of the award as reduced. The court viewed section 67, subdivision (d), of the Workmen's Compensation Act[4] (Stats. 1917, ch. 586, p. 876) as depriving the superior court of jurisdiction to suspend or delay the execution. The court concluded that the provisions of the Workmen's Compensation Act which authorized the entry of judgment upon an award and the issuance of execution thereon in the superior court are simply methods adopted for the enforcement of such awards, in lieu of machinery of enforcement which might have been provided for and given to the commission itself. It stated: "Subject only to review by the Supreme Court or a District Court of Appeal, the judicial authority in relation to such awards appears to have been retained entirely within the Industrial Accident Commission" (p. 592).

interfere with the commission in the performance of its duties but a writ of mandate shall lie from the supreme court or the district courts of appeal in all proper cases.''

[3]An order of the Industrial Accident Commission may not be reviewed by a superior court even though it is erroneous. (*Loustalot* v. *Superior Court* (1947) 30 Cal.2d 905, 912 [186 P.2d 673].)

[4]Now section 5955 of the Labor Code.

The *Greitz* case, *supra*, is almost identical to the instant situation, and the decision therein controls the disposition of this case.

*Loustalot, supra,* also involved a writ of prohibition. The Sheriff of Kern County requested it to restrain further proceedings in the superior court concerning a writ of habeas corpus from one who had been jailed by the Industrial Accident Commission for contempt. After quoting section 5955, the Supreme Court stated: "This court has recognized the power of the Legislature under section 21 of article XX of the Constitution to limit the jurisdiction of the courts in reviewing Industrial Accident Commission decisions. . . . An examination of the legislative history of section 5955 and of the decisions construing the similar section of the Public Utilities Act clearly shows that section 5955 means that superior courts have no jurisdiction to review or otherwise interfere with the operation of any order of the Industrial Accident Commission." (P. 910.)

The court then reviewed in depth the legislative history of section 5955 and reiterated and emphasized that the superior court lacked jurisdiction to in any way interfere with any order of the commission.

Without mentioning the decisions reviewed above, the respondent court relied instead for authority on *Gamble* v. *Superior Court* (1919) 39 Cal.App. 661 [179 P. 717][5] and *Hoffman* v. *Andrews* (1945) 68 Cal.App.2d 421 [156 P.2d 780]. *Gamble* is an early decision which stated the superior court, in spite of the relevant provisions of the Workmen's Compensation Act,[6] retained equity jurisdiction to enjoin the enforcement of an Industrial Accident Commission award since the case involved (1) fraud, and (2) a stranger to the original award made by the commission. *Gamble* was distinguished in *Vickich, supra,* on the second ground mentioned above.

*Hoffman,* also involving fraud, relied on *Gamble* for authority that the superior courts retained equity jurisdiction to enjoin an execution pursuant to an Industrial Accident Commission award despite Labor Code, section 5808.[7] It noted

---

[5]Criticized in 7 California Law Review 369.

[6]Now section 5955 of the Labor Code.

[7]Labor Code, section 5808, provided in relevant part: "The commission, a panel, or any commissioner may stay the execution of any judgment entered upon an order, decision, or award of the commission, upon good cause appearing therefor and may impose the terms and conditions of the stay of execution."

the Industrial Accident Commission was not a party to the action, and no attack was being made on the award.

In light of the recent holdings in *Loustalot* and *Greitz,* and the legislative history of section 5955, the *Gamble* and *Hoffman* cases are not applicable. The facts before us do not coincide with the facts present in the *Gamble* and *Hoffman* cases which were relied upon as a basis for the exercise of the court's equity jurisdiction.

Let the writ of prohibition issue as prayed.

Agee, J., and Taylor, J., concurred.