[L.A. No. 30664. May 24, 1977.]

JOSEF FRANCZAK, Plaintiff and Appellant, v.
LIBERTY MUTUAL INSURANCE COMPANY,
Defendant and Respondent.

## COUNSEL

David Daar and Leon Perlsweig for Plaintiff and Appellant.

Gibson, Dunn & Crutcher, Wesley G. Howell, Jr., Richard P. Levy and Aulana L. Peters for Defendant and Respondent.

T. Groezinger, James J. Vonk, A. Hershenson, S. Bloom and G. S. Bjornsen as Amici Curiae on behalf of Defendant and Respondent.

## OPINION

**MOSK, J.**—We are called upon to decide if the superior court has jurisdiction to enter judgment for interest which the Workers' Compensation Appeals Board (hereinafter the board) has ordered on its awards. We conclude that under the plain language of section 5806 of the Labor Code, the court does have such jurisdiction.

Section 5800 of the Labor Code provides, "All awards of the appeals board . . . shall carry interest at the same rate as judgments in civil actions on all due and unpaid payments from the date of the making and filing of said award . . . as to amounts which by the terms of the award are payable forthwith."[1] Section 5806 states, "Any party affected thereby may file a certified copy of the findings and order, decision, or award of the appeals board with the clerk of the superior court of any county. Judgment shall be entered immediately by the clerk in conformity therewith." Section 1033 of the Code of Civil Procedure provides that "the clerk or judge shall include in the judgment entered up by him, any interest on the verdict or decision of the court, from the time it was rendered or made . . . ."

---

[1] All references are to the Labor Code, unless otherwise noted.

Josef Franczak brought an action on his own behalf and on behalf of others similarly situated, to compel defendant insurer to pay interest on awards of the board. The complaint alleges as follows: Franczak and members of his class all received awards of compensation from the board after 1944, and defendant had issued policies of workers' compensation insurance to the employers against whom the awards were rendered. Each of the awards contained an order that it was to be paid "with interest as provided by law." Although defendant paid plaintiffs an amount equal to the principal sum of each award, it failed to pay the interest thereon. The period for which interest should have been paid was the elapsed time between the making of the award and its actual payment to the beneficiary. Franczak was awarded $1,485 by the board on April 22, 1965, but defendant did not pay that sum until April 27, thereby incurring $1.44 in interest payments.[2]

Defendant has deliberately refrained from paying interest on the awards to plaintiffs because it realizes the amounts involved are so small that it would be impractical for each class member to individually enforce his rights. It is not "economically feasible" to require each class member to file a certified copy of the board's decision as a predicate to the entry of judgment on his behalf.[3] The only means by which defendant can be compelled to alter its practice would be for the trial court to allow the entry of a single judgment for the class. The complaint seeks to compel an audit of defendant's books, at defendant's own expense, for the purpose of determining the exact sums due plaintiffs, and the entry of a single judgment for the entire class, based upon the results of the audit.

The second cause of action, after incorporating by reference the allegations of the first, seeks punitive damages for defendant's allegedly deliberate violation of the requirement that interest be paid on awards of the board.

The trial court overruled defendant's demurrer to the complaint, defendant filed an answer, and the court ordered that the issues relating

[2]The complaint alleges that payment of the face amount of the award "was at law first applied to the payment of the interest due and the balance then was by law applied to reduce the principal sum owing on each of said awards; and that there is thereby still due, owing and unpaid sums of principal and the interest which has accrued thereon for each of the said awards from 1945 to date, and that the total aggregate sum owing by defendants to plaintiff and his class exceeds the sum of $250,000.00."

[3]It is alleged that because none of the claims exceeds $10 or $15, the value of the time required to obtain a certified copy of each award, file it with the court, compute the interest thereon, prepare a judgment, and enforce it, would be more than the interest owed.

to defendant's liability should be tried before certain issues relating to the propriety of a class action.[4] Thereafter defendant moved to dismiss the complaint on the ground that the court lacked jurisdiction over the action. The motion was granted, and judgment of dismissal was entered.

We hold, pursuant to the clear language of section 5806, that the trial court has jurisdiction to entertain the action. The complaint alleges that the decisions of the board granting benefits to the class members included awards of interest. Since section 5806 gives the trial court the power to enter a judgment based upon a decision of the board, the award of interest reaches the same stature with regard to jurisdiction of the court as the award of the principal sum. Defendant's arguments that interest is a form of compensation, that the board has exclusive jurisdiction over compensation benefits, and that the clerk of the court in entering judgment on the award acts as an instrumentality of the board, do not compel a different conclusion. The award of interest has been made by the board, under the allegations of the complaint, and plaintiffs seek only to invoke the court's jurisdiction to secure a judgment for the purpose of enforcing that award. The award has been fixed; the plaintiff does not seek to enlarge it or alter it in any way, nor to review the merits of the award, but merely to enforce its precise terms. This is to be done by the superior court under section 5806.

Defendant relies upon a number of cases which state or hold that the superior court may not stay, modify or review an award or other order of

---

[4] In its order the court described the issues as to defendant's liability as follows:

"1. First Issue: Is interest required to be paid, and to be computed upon findings and award, opinion, order or decision of the Workmen's Compensation Appeals Board from the precise date of the filing of said document with said Board, and if so, when does the accruing of interest terminate?

"2. Second Issue: Has plaintiff JOSEF FRANCZAK failed to receive interest on his award by reason of a general practice of defendant LIBERTY MUTUAL INSURANCE COMPANY to fail to pay interest on Awards of the Workmen's Compensation Appeals Board?

"3. Third Issue: Where a Workmen's Compensation Insurance Carrier as a general practice has failed to pay interest on awards as required by law, can the Superior Court enter judgment upon one such award, the award of JOSEF FRANCZAK, upon taking evidence of the existence of said award, without requiring the production of a certified copy of said award, where to obtain a copy would be economically unfeasible?

"4. Fourth Issue: Can JOSEF FRANCZAK obtain a judgment allegedly due on a Workmen's Compensation Board Award where he has failed to file a certified copy of such award with the Superior Court as required in Labor Law Section 5806?

"5. Fifth Issue: Defendant shall have the right to try the following defenses against plaintiff Franczak:

"a. Waiver
"b. Estoppel
"c. Laches
"d. Statute of Limitations"

the board (or its predecessor the Industrial Accident Commission) or suspend execution of a judgment entered pursuant to an award. (*Loustalot* v. *Superior Court* (1947) 30 Cal.2d 905, 912 [186 P.2d 673]; *Patterson* v. *Sharp* (1970) 10 Cal.App.3d 990, 997 [89 Cal.Rptr. 396]; *Greitz* v. *Sivachenko* (1957) 152 Cal.App.2d 849 [313 P.2d 922]; *Vickich* v. *Superior Court* (1930) 105 Cal.App. 587, 592 [288 P. 127].) Since plaintiffs do not attempt to interfere with the board's determinations in any respect but only to enforce the board's awards, these cases are inapposite. Nor are we faced with the question of the board's power to stay the enforcement of an award for good cause by deliberately withholding a certified copy thereof, as provided by section 5808 (*Ulrich* v. *Workmen's Comp. Appeals Bd.* (1975) 50 Cal.App.3d 643, 647 [123 Cal.Rptr. 435]), or whether a particular manner of payment of an award constitutes payment in fact (*Pollock* v. *Industrial Acc. Com.* (1936) 5 Cal.2d 205, 208 [54 P.2d 695]).

Thus, we conclude that the trial court has jurisdiction to enforce the interest awarded by the board to plaintiffs. We are also of the view that the trial court has jurisdiction to include the interest due on the award in its judgment and to decide whether to grant the remedy sought by plaintiffs.

Section 1033 of the Code of Civil Procedure requires the clerk or judge to include interest "on the verdict or decision of the court, from the time it was rendered or made." The mere fact that this provision does not specifically refer to interest on awards of the board as to which a judgment is entered pursuant to section 5806 is not determinative. Since section 5806 authorizes the entry of judgment in conformity with the board's awards, and the awards in the present case contained a directive that interest be paid, the clear import of section 1033 of the Code of Civil Procedure when read together with section 5806, is that the court has the power to calculate the interest due on awards of the board and to include such interest in the judgment.[5]

Although it is not entirely clear, the trial court's determination that it had no jurisdiction over the action does not appear to have been based

[5]Defendant contends that *Patterson* v. *Sharp, supra,* 10 Cal.App.3d 990, stands, by analogy, for the proposition that the trial court here has no jurisdiction to include interest on an award of the board in its judgment. In *Patterson,* the trial court ordered that the board's award be paid to a party other than that specified in the board's order, to avoid double recovery. The Court of Appeal held that the trial court did not have jurisdiction to change the terms of the board's award. We fail to see the analogy between *Patterson* and the present case. The superior court has jurisdiction to enter judgment for the purpose of enforcing awards of the board; indeed, section 5806 is precisely to that effect.

upon the theory that it lacked the power to grant the relief plaintiffs seek, i.e., the entry of a single judgment for the class based upon an audit of defendant's books, but upon the conclusion that the board rather than the trial court has jurisdiction over all matters relating to awards of compensation.[6] We need not, therefore, pass upon the merit of defendant's argument that the trial court may not waive the requirement of section 5806 that plaintiffs file certified copies of the board's awards in their favor.

Since we have determined that the court has jurisdiction to enter judgment on the board's awards and to include in that judgment interest pursuant to the award, it is evident that the court also has jurisdiction to decide what requirements plaintiffs must fulfill in order to obtain the entry of judgment on their behalf.

In view of this conclusion, it is not necessary to discuss plaintiffs' assertion that the doctrine of "law of the case" requires us to hold in their favor.

The judgment is reversed.

Tobriner, Acting C. J., Sullivan, J.,* and Lillie, J.,† concurred.


**CLARK, J.**—I dissent.

The majority persuasively establish that under Labor Code sections 5800 and 5806, and Code of Civil Procedure section 1033, the superior court possesses jurisdiction to award interest on awards from the

---

[6]During the argument of defendant's motion to dismiss the action for lack of jurisdiction, the trial court stated the basis of its ruling as follows: "I think it is clear that in matters of compensation the Workmen's Compensation Appeals Board has jurisdiction, that entering the judgment in the Superior Court is merely the machinery provided by the Legislature for the enforcement and collection of the award and does not in any way confer any jurisdiction upon the Superior Court, because the exclusive jurisdiction is with the Workmen's Compensation Appeals Board . . . . I have read Section 5806 very carefully. I have read it and examined it in the context of the cases which have been cited by both sides in their respective points and authorities, and I do not see that Section 5806 adds or detracts from the language used by the Appellate and Supreme Courts in the various cases cited conferring exclusive jurisdiction of compensation awards upon the Industrial Accident Commission or its successor, the Workmen's Compensation Appeals Board, subject to review only in the Courts of Appeal or the Supreme Court itself."

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

†Assigned by the Chairman of the Judicial Council.

Workers' Compensation Appeals Board. The superior court is clearly vested with such jurisdiction by the statutes. However, Labor Code section 5806 also makes clear that jurisdiction is created only by *filing a certified copy of the award.* No provision exists for invoking superior court jurisdiction by filing a complaint.

Because the Legislature severely limits superior court jurisdiction in compensation matters and clearly allows invocation of that jurisdiction only by filing the award, this court may not dispense with the award filing requirement. But the majority refuses even to discuss this jurisdictional requirement (*ante,* pp. 486-487)—the central issue in the case.[1]

Labor Code section 5806 states in full: "Any party affected thereby may file a certified copy of the findings and order, decision, or award of the appeals board with the clerk of the superior court of any county. Judgment shall be entered immediately by the clerk in conformity therewith." Obviously, the statutory prerequisite to the exercise of judicial authority is the filing of a certified copy of the board's decision. Without such a filing, the superior court lacks any authority to act. (See, *Bozaich* v. *State of California* (1973) 32 Cal.App.3d 688, 696-697 [108 Cal.Rptr. 392].)

The jurisdictional nature of section 5806 is demonstrated by the position it occupies in the statutory system of workers' compensation. By constitutional command, the Legislature's authority to establish and define the workers' compensation system is plenary. (Cal. Const., art. XX, § 21, now art. XIV, § 4.) Pursuant to this constitutional directive, the Legislature has provided that board decisions may be judicially reviewed only by the appellate courts through a writ of review. (Lab. Code, § 5950.) In all other circumstances, "No court of this state . . . has jurisdiction to . . . interfere with the appeals board in the performance of its duties but a writ of mandate shall lie from the Supreme Court or a court of appeal in all proper cases." (Lab. Code, § 5955.) Except for expressly specified duties like those provided by Labor Code section 5806, the Legislature has excluded the superior court from jurisdiction over compensation matters.

---

[1]Refusing to address this issue, the majority claim the superior court did not address it, although they are compelled to admit "it is not entirely clear." (*Ante,* p. 486.) However, the issue was raised and argued before the superior court and the judge's general statements (*id.,* fn. 6) in ruling the court lacked jurisdiction encompassed the issue, specifically referring to Labor Code section 5806.

When a statute conferring jurisdiction specifies the procedure to be followed, the procedural requirements are themselves jurisdictional. In *Safer* v. *Superior Court* (1975) 15 Cal.3d 230, 242 [124 Cal.Rptr. 174, 540 P.2d 14], this court reiterated its holding in the landmark case of *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 290 [109 P.2d 942, 132 A.L.R. 715] " ' "[I]t seems well settled (and there appears to be no case holding to the contrary) that when a statute authorizes prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction, . . ." ' "

Moreover, even if failure to comply with the statutory requirement does not deprive the superior court of jurisdiction in the fundamental sense, the failure would require the court to dismiss the action upon proper motion and if it failed to dismiss, extraordinary relief would be available to prevent the court from proceeding in violation of the statute. " 'Speaking generally, any acts which exceed the defined power of a court in any instance, whether that power be defined by constitutional provision, express statutory declaration, or rules developed by the courts and followed under the doctrine of *stare decisis,* are in excess of jurisdiction, in so far as that term is used to indicate that those acts may be restrained by prohibition or annulled on *certiorari.*' " (*Safer* v. *Superior Court, supra,* 15 Cal.3d at p. 242, quoting from *Abelleira* v. *District Court of Appeal, supra,* 17 Cal.2d at p. 291.)

Assuming arguendo entry of judgment under section 5806 is judicial (cf., *Greitz* v. *Sivachenko* (1957) 152 Cal.App.2d 849, 850 [313 P.2d 922]; *Vickich* v. *Superior Court* (1930) 105 Cal.App. 587, 592 [288 P. 127]), the only judicial act permitted is the issuance of a judgment in conformity with the board's certified award. The superior court cannot alter or modify—in any manner—the board's decision. (Lab. Code, § 5955; *Loustalot* v. *Superior Court* (1947) 30 Cal.2d 905, 912 [186 P.2d 673]; *Patterson* v. *Sharp* (1970) 10 Cal.App.3d 990, 998-999 [89 Cal.Rptr. 396]; *Pizarro* v. *Superior Court* (1967) 254 Cal.App.2d 416, 417 et seq. [61 Cal.Rptr. 923].) Without a certified copy there is nothing for the judgment to be entered in conformity with; and the superior court completely lacks power to hear or determine the cause. (*Abelleira* v. *District Court of Appeal, supra,* 17 Cal.2d 280, 288.)

Moreover, a superior court's entry of judgment in absence of a certified copy of the board's order would severely encroach upon the appeals board in the performance of its duties. One of the two means available to the appeals board to stay execution of its own ruling is to

withhold certification of its order, decision, or award. (Lab. Code, § 5808.) If the superior court attempts to enter judgment in the absence of a certified copy of the award it obviously interferes with board authority. Again, the superior court lacks jurisdiction to act unless and until a certified copy is filed.

Refusing to address the central issue presented, the majority incorrectly reverse a correct superior court decision. Any other decision by the superior court is subject to later restraint by prohibition. Today's opinion is wasteful to the parties and to the judiciary.

Richardson, J., and Wright, J.,* concurred.

---

*Retired Chief Justice of California sitting under assignment by the Acting Chairman of the Judicial Council.