[Civ. No. 2838.   First Appellate District, Division One.—May 6, 1919.]

## PAUL G. MAIER, a Minor, etc., Respondent, v. HARBOR CENTER LAND COMPANY (a Corporation), Appellant.

[1] MINORS—CONTRACT BY MINORS UNDER EIGHTEEN—VOID AB INITIO.—A contract for the purchase of land by a minor under the age of eighteen years is void *ab initio.*

[2] ID. — DISAFFIRMANCE OF CONTRACT — RESTORATION OF CONSIDERATION.—Such contract being void *ab initio,* and not subject to ratification, payments by the minor thereon after he reaches the age of eighteen will not estop him from disaffirming the contract without a restoration of the consideration.

[3] ID.—PAYMENTS AFTER REACHING EIGHTEEN—EFFECT OF.—Such contract being void and not subject to ratification, the mere payment of installments of the purchase price after the minor reaches the age of eighteen will not remake the old contract or make a new one.

[4] ID.—WANT OF CONSIDERATION.—In such a case, upon disaffirmance of the contract by the minor, there is no consideration to be returned, since the vendor's loss is the result of its own mistake in entering into a void contract.

[5] ID.—TIME FOR DISAFFIRMANCE—RECOVERY OF PAYMENTS MADE—RUNNING OF STATUTE OF LIMITATIONS.—In such a case, the statute gives the minor the power to disaffirm the contract before he reaches the age of twenty-one years or within a reasonable time thereafter, and as the right to sue for the recovery of the payments made by him cannot accrue until he has disaffirmed the contract, the bar of the statute of limitations runs from the date of disaffirmance.

[6] ID.—SECTION 339, CODE OF CIVIL PROCEDURE, NOT APPLICABLE.—An action for the cancellation of a void contract, and the recovery of the money paid in accordance with its terms, does not come within the limitations of section 339 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Geo. E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Faulkner & Faulkner for Appellant.

Herbert Choynski and James Raleigh Kelly for Respondent.

NOURSE, J., *pro tem.*—This is an appeal from a judgment in favor of plaintiff for the cancellation of a contract for the purchase of a lot of land, and for the recovery of moneys paid thereunder.

The facts are that Maier, a minor under the age of eighteen, entered into a contract with appellant for the purchase of a lot of land for one thousand two hundred dollars. He paid $120 as an initial installment, and from time to time thereafter paid monthly installments, taxes, and interest, amounting in all to $378.05. Before arriving at the age of twenty-one he disaffirmed the contract, and, through his guardian *ad litem,* instituted this proceeding for the cancellation of the contract and the return of the moneys paid by him.

Appellant filed an answer, counterclaim and cross-complaint, to all of which a motion to strike out was interposed, and granted except as to certain paragraphs denying material allegations of the complaint. Thereafter an amendment to the answer was filed, setting up a denial of payment to appellant, and upon this state of the pleadings the cause proceeded to trial, resulting in findings and judgment for plaintiff and respondent herein.

[1] Appellant concedes that the contract was void *ab initio,* but insists that it became vitalized by the acts of the minor after he reached the age of eighteen years. In this connection it is alleged in what is designated as the fourth special defense set up in the answer, that shortly after the execution of the contract Maier reached the age of eighteen; that he continued to make the installment payments thereafter; that the lot was withdrawn from the market, and that appellant has suffered a loss by reason of the minor's actions through having paid to its agent a commission for negotiating the sale and through being deprived of the opportunity of making a valid sale of this lot. In the counterclaim and cross-complaint appellant seeks recoupment of these losses.

The theory of appellant, as advanced in these special defenses, is that, though the contract is void *ab initio* and not

subject to ratification, the subsequent payments after the minor reached the age of eighteen estop him from disaffirming the contract without a restoration of the consideration. In this connection the appellant sets up the damage suffered by it as constituting the consideration which respondent should restore.

[2]   There are two answers to this proposition.  First, under section 35 of the Civil Code it is only when "the contract be made by the minor whilst he is over the age of eighteen" that he must restore the consideration if he elects to disaffirm.   [3]   If, as conceded by appellant, the contract was void and not subject to ratification, clearly the mere payment of installments after the minor reached the age of eighteen did not remake the old contract or make a new one.

[4]   Second, there was no consideration to be returned. Appellant's loss is the result of its own mistake in entering into a void contract.   Its loss results from the failure of respondent to divulge the fact of his incapacity.   The claim is, at its best, if properly pleaded, one for damages for fraud which could never be maintained separately, and hence cannot constitute a valid defense, counterclaim or cross-complaint. As said by this court in *Flittner* v. *Equitable Life Assurance Soc.,* 30 Cal. App. 209, at page 216, [157 Pac. 630, 633] : "It is the policy of the law to discourage adults contracting with infants, and the former cannot complain if, as a consequence of their violation of this rule of conduct, they are injured by the exercise of the right with which the law has purposely invested the latter, or charge that the infant in exercising the right is guilty of fraud."

In what is termed a second special defense the appellant sets up the provisions of subdivision 1 of section 339 of the Code of Civil Procedure, as a bar to the recovery of all sums paid more than two years prior to the commencement of the action.   This position is supported by the allegation that at the time of the execution of the contract and up to the time of the appointment of the guardian *ad litem* the minor had a general guardian, who was, during such time, competent to act for him and, therefore, to sue in his behalf.

[5]   The difficulty with this theory is that, irrespective of whether the minor had a general guardian, the statute gave him the power to disaffirm the contract before he reached the age of twenty-one or within a reasonable time thereafter.

41 Cal. App.—6

The right to sue for the recovery of the payments made by him could not accrue until he had disaffirmed the contract. It does not appear from the record when he did disaffirm except that it was "prior to the commencement of this action." But it does appear that he made a payment as late as November 23, 1915, and it is fair to assume that he did not disaffirm until after that date. The complaint was filed on June 21, 1916. Thus, if governed by the limitations of section 339, the action was commenced within time.

[6] But, aside from this, this is not an action for money had and received, but is an action for the cancellation of a void contract, and the recovery of moneys paid in accordance with its terms. As such it does not come within the limitations of section 339.

The judgment is affirmed.

.Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 3, 1919, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the first district, division one, is denied. We desire, however, to say, in respect to the claims made under the statute of limitations, that in our opinion a complete answer to all such claims is to be found in section 352 of our Code of Civil Procedure, in view of which the statute of limitations could not commence to run prior to the attainment of his majority by the minor. Our denial of the petition is not to be taken as an approval of the matters stated in the district court of appeal opinion in regard to this subject.

All the Justices concurred, except Melvin, J., who was absent.