[Civ. No. 5638. Second Appellate District, Division One.—April 15, 1929.]

SYDNEY M. WILLIAMS, a Minor, etc., Respondent, v. LEON T. SHETTLER COMPANY (a Corporation) et al., Appellants.

Frank D. McClure and Wm. M. Aydelotte for Appellants.

Nadia Williams for Respondent.

HOUSER, J.—On an installment contract plaintiff, who was a minor, purchased an automobile from the defendant Shettler Company for the sum of $1,530.24. In partial pay-

ment of the purchase price of said automobile plaintiff transferred to said defendant another automobile valued at $450, together with the sum of $150 in cash. Twelve days thereafter, because of alleged fraud of said defendant in the transaction, and because plaintiff was a minor, plaintiff disaffirmed the agreement entered into between the parties, restored to the said defendant the automobile which plaintiff had purchased from it, and demanded the return to him of the automobile and the $150 in cash which he had delivered to said defendant at the time the agreement was executed. The said defendant Shettler Company having refused to comply with any part of such demand, action was brought by plaintiff through his guardian *ad litem,* not only against the said defendant, but as well against the defendant Pacific Finance Corporation, to which last-named company the installment contract for the purchase of the automobile by plaintiff was alleged to have been sold and assigned. From a judgment rendered by the court in favor of plaintiff for the sum of $500 against each of the defendants, this appeal is prosecuted.

No complaint is made by appellants as to any of the findings of fact made by the trial court, other than as to two specified findings, that the evidence was insufficient to support them. Without here setting forth the evidence upon which the findings to which objection is made are based, it may suffice to state that it was ample to sustain the conclusions reached thereon by the trial court.

Appellants also contend that, in view of the fact that at the time the agreement was entered into plaintiff falsely represented to the defendant Shettler Company that he was twenty-two years of age, he should not have been permitted thereafter to disaffirm the contract. Neither section 35 of the Civil Code, which is authority for the disaffirmance of a contract made by a minor over the age of eighteen years, nor any other statutory provision to which attention has been directed, contains any intimation that fraud of the nature of that practiced by plaintiff will have the effect of preventing the minor from disaffirming the contract. The following authorities are to the contrary: *Lee* v. *Hibernia Savings & Loan Soc.,* 177 Cal. 656 [171 Pac. 677]; *Maier* v. *Harbor Center L. Co.,* 41 Cal. App. 79,

81 [182 Pac. 345] ; *Flittner* v. *Equitable Life Assur. Soc.,* 30 Cal. App. 209, 216 [157 Pac. 630].

The final specification of error by appellants is to the effect that the record contained no evidence upon which to base the judgment against the defendant Pacific Finance Corporation, which contention on the part of appellants is in no way controverted by respondent; nor do the findings of fact disclose any foundation for such a judgment. It follows that as to said Pacific Finance Corporation the judgment should be and it is reversed; otherwise the judgment should be and it is affirmed.

York, J., and McLucas, J., *pro tem.,* concurred.