[Civ. No. 94. Fourth Appellate District.—February 19, 1930.]

PERCY TRACY, as Administrator of the Estate of HAROLD TRACY, Deceased, Plaintiff and Respondent, v. G. C. GAUDIN, Defendant and Appellant.

G. W. Zartman for Appellant.

Walter C. Haight for Respondent.

MARKS, J.—Respondent instituted this action to recover the sum of $510 from appellant, being money paid him by Harold Tracy, deceased, then a minor under the age of eighteen years, as the purchase price of an automobile. Judgment was rendered in his favor.

The case was submitted to the trial court upon an agreed statement of facts from which it appears that on June 10, 1926, Harold Tracy was of the age of sixteen years and that Percy Tracy was the duly and regularly appointed and acting guardian of his person and estate. The guardian had the sum of $576.51, belonging to the minor, on deposit in a bank in the city of Tulare. Appellant owned and operated an agency for the sale of automobiles and Harold Moffet was employed by him as a salesman. The minor went with Moffet to the home of Percy Tracy, the guardian, and tried to get his permission for the purchase of an automobile by the minor from appellant with guardianship funds. This permission was refused by the guardian.

About June 18, 1926, the minor forged the name of his guardian to a withdrawal slip on which he obtained $510 of the guardianship funds from the bank, which he placed in the form of a cashier's check, with which he purchased an automobile from appellant, paying for the same in full. A few days later the minor traded the automobile, pur-

chased from appellant, to another as part payment on a more expensive car. The minor died on July 23, 1926, and Percy Tracy was appointed administrator of his estate on August 11, 1926, and thereafter qualified as such and entered upon the discharge of his duties.

The exact date respondent first learned of the withdrawal of the $510 by the minor from the guardianship account does not appear, except that it was after the automobile obtained from appellant had been traded off by the minor, and prior to August 9, 1926. On this day the bank credited the guardianship account with $510, which credit it later canceled and refused to restore the money to respondent. At no time did either the minor or respondent restore, or offer to restore, to appellant the automobile which the minor had purchased from him, or its value. On January 7, 1927, respondent demanded the sum of $510 from appellant, which demand was refused. This action was instituted to recover the money and judgment was rendered for respondent.

The law is well settled in this state that, except in certain specified instances, of which this is not one, a contract of a minor under the age of eighteen years may be disaffirmed by the minor, or by his personal representatives, in case of death, without the return of the consideration received by the minor. (Sec. 35, Civ. Code.) As was said in the case of *Flittner* v. *Equitable Life Assur. Soc.*, 30 Cal. App. 209 [157 Pac. 633], in passing upon a contract of a minor under eighteen years of age:

"The law in its wisdom shields minors from their lack of judgment and experience, and vests in them under certain conditions the right to disaffirm their contracts. That right the plaintiff in this case invoked, and he was thereupon entitled to recover the premiums theretofore paid by him. This position may seem, under all the circumstances of the case, to be a hardship on the defendant, but 'the right of an infant to avoid his contracts is one conferred by law for his protection against his own improvidence and the designs of others; and though its exercise is not infrequently the occasion of injury to those who have in good faith dealt with him, this is a consequence which they might have avoided by declining to enter into the contract. It is the policy of the law to discourage adults

from contracting with infants, and the former cannot complain if, as a consequence of their violation of this rule of conduct, they are injured by the exercise of the right with which the law has purposely invested the latter, nor charge that the infant in exercising the right is guilty of fraud.' ''

In this case the minor had received and retained the benefits of his contract and was not required to restore the consideration or its equivalent. To the same effect are the cases of *Hakes Investment Co.* v. *Lyons,* 166 Cal. 557 [135 Pac. 911]; *Cummings* v. *Strobridge Land Syndicate et al.,* 150 Cal. 209 [119 Am. St. Rep. 189, 88 Pac. 901], and *Maier* v. *Harbor Center Land Co.,* 41 Cal. App. 79 [182 Pac 345].

In the case of *Lee* v. *Hibernia Savings & Loan Society,* 177 Cal. 656 [171 Pac. 677], the Supreme Court considered a case in which a minor brought suit to escape liability under a note secured by a deed of trust to secure the repayment of money loaned her before she was eighteen years of age and which loan she attempted to confirm and ratify before her eighteenth birthday. The court held that there was no duty resting upon the minor to either restore, or offer to restore, the consideration received by her for the execution of the note and held the obligation void. The contract of a minor under eighteen years of age relating to real property or to personal property not in his immediate possession or control is void (sec. 33, Civ. Code). All other contracts of minors under eighteen years of age, except those specified in sections 36 and 37 of the Civil Code, are voidable by the minor, or his heirs or personal representatives in case of death, without restoring or offering to restore the consideration or its equivalent. (Sec. 35, Civ. Code; 14 Cal. Jur. 127.) Harold Tracy being under the age of eighteen years at the time he paid appellant for the automobile, his personal representative could disaffirm the contract and recover the money without restoring, or offering to restore, the consideration to appellant.

Judgment affirmed.

Sloane, P. J., and Barnard, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 17, 1930, and a

petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 17, 1930.

All the Justices present concurred.