[L. A. No. 15309.   In Bank.—January 23, 1936.]

SAUL POLLOCK, a Minor, etc., Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, etc., and PLUMBING SHEET METAL PRODUCTS COMPANY et al., Respondents.

Harry Sherr for Petitioner.

Everett A. Corten, Arthur I. Townsend and F. Britton Mc-Connell for Respondents.

THE COURT.—In July of 1929, petitioner, Saul Pollock, was injured while working in the scope and course of his employment. At the time of his injury petitioner was fifteen years of age. After a hearing duly had, respondent commission made an award in favor of petitioner in the sum of $1937.-19, payable in weekly instalments of $20.83 each. The record of that proceeding indicates that respondent insurance carrier was represented by counsel, actively participated at the hearing, and contested the award. The record of that hearing indicates that at the commencement of the proceeding before the commission it, by order regularly made and acting pursuant to the terms of the Workmen's Compensation Act, appointed one Sam Rosen as guardian *ad litem* for the minor. On the date of the award, February 21, 1930, there was due and owing to the injured employee the sum of $624.87. Although the insurance carrier had actual knowledge that a guardian had been appointed, it saw fit to make the check in that amount payable to the order of the minor. There is a dispute as to just what then occurred. Saul Pollock testified that the check was never delivered to him; that an employee of the respondent insurance carrier induced him to indorse the check, and to let her deposit the same in a building and loan association in his name; that such employee carried out all of the details pertaining to the opening of the account. There is other evidence in the record, principally that of the then attorney for Saul Pollock, and of the employee of the insurance company, that the check was delivered to Saul Pollock; that he requested that it be deposited with the building and loan association; that he carried out the details of opening the account. Whatever the true facts may be, it is certain that this first check was indorsed by Saul and that an account was opened in his name in the building and loan associa-

tion. As to all subsequent checks constituting the balance of the award there is no dispute. These were made payable to the order of Saul Pollock, but were never delivered to him. They were delivered to the employee of the respondent insurance carrier above mentioned, who indorsed the same, and caused them to be deposited in Saul's account with the building and loan association. This was done upon the oral authorization of Saul. After several checks had been so deposited the insurance company employee testified she secured a written authorization from Saul to indorse the checks, but this writing was apparently later destroyed. After the entire award had been paid, the building and loan association became insolvent, the testimony indicating that the account is worth but thirty-seven cents on the dollar. Saul, still a minor, thereupon instituted the present proceeding before the commission, entitling the same "Petition to appoint new guardian *ad litem* and to enforce collection of award." In addition to requesting that Saul's father be substituted as guardian *ad litem*, the petition requests that it be determined that the deposit of the award with the building and loan association under the above-recited circumstances did not constitute payment of the award, and that the award should be paid to the new guardian *ad litem*. The petition states that Saul disaffirms any arrangement made by him with the insurance company. The commission, after a hearing, ordered Saul's father substituted as guardian *ad litem* in place of Sam Rosen, but denied petitioner any further relief. The order of the commission recites that it appearing that the father of Saul as his new guardian *ad litem* "has not returned nor offered to return to the defendant carrier the two certificates issued by the Pacific States Savings and Loan Company as the successor in interest in the Fidelity Savings and Loan Association", the petition is denied. The new guardian *ad litem* thereupon petitioned for a rehearing, pointing out that at the hearing neither party had raised the issue as to the return of the pass-books, and also that he had been appointed guardian on the very day of the hearing and had had no opportunity to make a tender. The new guardian, in his petition for rehearing, formally offered to return the pass-books to the insurance carrier. A rehearing was granted by the commission, and, after further consideration, the com-

·mission again entered its order denying any relief to Saul, whereupon this proceeding was instituted.

The first question presented is whether the commission has any jurisdiction to determine the validity of payments made upon one of its awards. The District Court of Appeal, when this proceeding was before it for determination, held that the commission had no jurisdiction, and that the superior court was the proper tribunal to determine the validity of the payments. Upon this court granting a hearing, counsel for the insurance carrier concede that the commission had jurisdiction, but contend the payments were validly made. With this concession we are in accord. Section 21a of the Workmen's Compensation Act (Stats. 1917, chap. 586, as amended) provides that any party affected by an award of the commission may file a certified copy of the findings and award with the clerk of the superior court, and the clerk *must* thereupon enter judgment. Subdivision c of section 21 provides that the *commission upon good cause appearing to it* may stay execution of any judgment entered upon the award, or where it appears to the *commission* an award should be stayed, and a certified copy of the award has not been issued, the *commission* may withhold such certified copy with the same force and effect as a stay of execution. Subdivision d of section 21 provides that when a judgment is satisfied in fact, otherwise than upon an execution, the *commission,* upon motion of either party, or *of its own motion,* may order the entry of satisfaction to be made, and upon the filing of such order with the clerk of the superior court, the latter *must* enter satisfaction. It is obvious from these sections that the legislature, acting well within the constitutional enabling provision, has invested the commission rather than the superior court with the power to determine whether in fact an award has been paid. In the instant case, if entry of the findings and award as a judgment had been first procured by the applicant, there would be no .doubt that it would be for the commission rather than for the superior court to determine whether the award had been paid. It seems clear, and in accord with the purposes and intent of the act, that the commission, in the circumstances of the instant case, has been invested with the power to consider the question presented as well before, as after,. the applicant has procured entry of judgment on the award.

■ We turn now to a consideration of the question as to whether the award has in fact been paid, and this turns upon whether the insurance carrier may legally pay an award to a minor employee. In discussing this point we are not concerned with the validity of the arrangement made by Saul with the insurance carrier, but with the much broader question as to whether a debtor may lawfully discharge a debt due to a minor by payment directly to the minor. The respondent insurance carrier seeks to justify payment to the minor under section 212 of the Civil Code and under section 9b of the Workmen's Compensation Act. Section 212 of the Civil Code authorizes an employer to pay ''wages of a minor employed in service'' to such minor where the guardian or parent of the minor has not notified the employer that such wages should be paid to him. Section 9b of the act provides that where an injury causes temporary disability, a ''disability payment which shall be payable for one week in advance as wages'' shall be paid to the employee. The expression ''as wages'' found in section 9b does not mean that such disability payments, or any award of the commission, shall constitute wages, or that such payments shall constitute ''wages'' as that term is used in section 212 of the Civil Code. Obviously an award for injury under the act is not paid to the employee as wages, but as compensation for the injury.

There is no provision of the Workmen's Compensation Act directly requiring that awards to minor employees be paid to the guardian or parent of the employee. Section 57, subdivision 3, provides that the commission has full power and authority to appoint a trustee or guardian *ad litem* to appear for and represent any minor, and to require a bond if necessary. Section 11 of the act deals with the statute of limitations, and subdivision d of that section provides that if the injured employee is under 21 when injured, a general guardian appointed by the court, or a guardian *ad litem* or trustee appointed by the commission may claim on behalf of the minor, all rights and privileges of the minor.

Under the provisions of the Probate Code there can be no doubt that debts due a minor, other than wages, cannot be discharged by payment to the minor. Section 1430 of the Probate Code provides that if a minor has no guardian of his estate, money belonging to the minor, not exceeding the sum of $250 may be paid to a parent of the minor, to hold for the

minor upon written assurance of such parent that the total estate of the minor does not exceed $1,000 in value, and the receipt of such parent shall be an acquittance of the person making such payment. This section necessarily implies that where the money due the minor exceeds $250, payment must be made to a lawfully appointed guardian, and also necessarily implies that under no circumstances can payment to the minor himself discharge the debt. The section, by its terms, applies to payments of all classes (except wages excluded by section 212 of the Civil Code) including payments due under the Workmen's Compensation Act.

There are several other sections of the Probate Code that indicate the general policy of the law to protect minors and to prevent them from directly handling their own money. Section 1510 of the Probate Code provides that if a minor recover a judgment for money, and there is no general guardian, one shall be appointed by the court to receive and care for the money received; but if a minor has brought an action by a guardian *ad litem* and has recovered a judgment not in excess of $500 and the guardian *ad litem* is a blood relative of the minor, the money, with the approval of the court, may be paid to the guardian *ad litem* without bond. Section 1060 of the Probate Code provides that when property is distributed to a minor who has no legal guardian, and the property consists in part at least of money, the executor or administrator may deposit the same with the county treasurer in the name of the distributee.

Applying the above statutory rules to the instant case, and particularly, the provisions of section 1430 of the Probate Code, it is clear that payment of the award directly to the minor employee was ineffectual to discharge the indebtedness created by the award, and that the petitioner, through his guardian, is entitled to a determination that the award has not been paid. The commission has the authority to condition its order upon the return of the building and loan certificates tendered by petitioner.

It is true that the result of this opinion will be to compel the insurance carrier to pay the award twice, less the present market value of the certificates, and on its face may seem a harsh and unjust result. However, the principles herein enunciated merely carry out the general theory of the law to protect infants, not only from others, but also from

themselves. It is a settled principle of the law that one deals with infants at his peril. (*Hakes Investment Co.* v. *Lyons*, 166 Cal. 557 [137 Pac. 911] ; *Flittner* v. *Equitable Life Assur. Co.*, 30 Cal. App. 209 [157 Pac. 630] ; *Tracy* v. *Gaudin*, 104 Cal. App. 158 [285 Pac. 720].)

The order of the commission is annulled with directions to proceed in a manner in conformity with the views herein expressed.

Rehearing denied.