[Civ. No. 10572.   First Appellate District, Division Two.—October 20, 1938.]

GEORGE W. FIEGER, Respondent, v. THERESE E. FIEGER et al., Appellants.

William R. Biaggi for Appellants.

Jensen & Holstein for Respondent.

NOURSE, P. J.—The defendant Therese E. Fieger appeals from a temporary injunction restraining her and the defendant telephone company from inserting in the telephone directory of that company published for Santa Clara County the words "Duplex Water Percolator Co.", with the street address and telephone number added.

The transcript on appeal was filed in the Supreme Court on June 5, 1937. Appellant's brief was filed August 27, 1937. No brief has been filed by respondent. We therefore take the statement of facts from appellant's brief in accordance with the court rules, section 1 of rule 5.

The appellant and respondent, while living together as husband and wife, acquired as their community property the patent rights in and the right to manufacture, service, and sell the Duplex Water Percolator. In a divorce decree entered October 28, 1933, the business of selling was divided between the parties to the extent of limiting the territory of their operations. The rights in the patents, and the rights to use all molds and dies for the manufacture of new percolators and parts, were not divided. During coverture the plaintiff also acquired the right to use the fictitious name of

Duplex Water Percolator Co. in this business. This right was not put in issue in the divorce proceeding, and was not disposed of in the divorce decree. All these rights and privileges which had any property value were community property of the two parties. In the divorce proceeding the court defined the percolator "business" which was owned by the parties, and awarded to the wife so much of such "business" as was related to district number four. The remaining districts were awarded to the husband. This award to the wife expressly included the right to carry on the "business" of the "Duplex Water Percolator Co.". Hence, if this is a trade name, one capable of appropriation, and one having a property value, the defendant has retained her interest in that property right and cannot be enjoined from using it.

On another theory the injunction must fail. The right to the use of the name was not disposed of in the divorce decree. If the division of the territory in which the respective parties might conduct the business was intended to leave the community interest in the business undisposed of, the wife retained the right to conduct the business in the specified territory and this included the right to enjoy and use all incidental privileges connected with the business necessary to make the award to her effectual. This is on the principle that if the court does not dispose of the community property in the divorce decree, the parties become the owners thereof as tenants in common. (*Callnon* v. *Callnon*, 7 Cal. App. (2d) 676, 680 [46 Pac. (2d) 988]; *Tarien* v. *Katz*, 216 Cal. 554, 559 [15 Pac. (2d) 493, 85 A. L. R. 334]; *Taylor* v. *Taylor*, 192 Cal. 71, 75 [218 Pac. 756, 51 A. L. R. 1074].) The plaintiff and respondent has shown no ground upon which the injunction can be justified.

The order is reversed.

Sturtevant, J., and Spence, J., concurred.