[Civ. No. 7788.   Third Dist.   July 10, 1950.]

GEORGE DAUT, Appellant, v. MILDRED LAVERNE
DAUT, Respondent.

Mannon & Brazier for Appellant.

Preston & Falk for Respondent.

ADAMS, P. J.—The parties to this action were formerly husband and wife living in Ukiah, Mendocino County, California. On April 11, 1947 George Daut filed in that county an action for divorce. In an affidavit for service of summons by publication he alleged that defendant, Mildred Laverne Daut, was going under and using the name of Mrs. W. E. Schenck, and that she resided at Larch Road, Briarcliff Manor, in the State of New York. An order was made for publication of summons, and it was further ordered that a copy of the summons, together with a copy of the complaint, be deposited in the United States Post Office at Ukiah, "directed to the said defendant Mildred Laverne Daut at her place of residence, to-wit: Larch Road, Briarcliff Manor, New York." Publication of summons was duly made, and on September 8, 1947, an affidavit by the secretary of plaintiff's attorneys was filed in which it was averred that on April 11, 1947, she had mailed copies of the summons and complaint in an envelope addressed to "Mildred Laverne Daut, Larch Road, Briarcliff Manor, New York." Request for default of defendant was filed September 8, 1947, and default entered. The matter was referred to a court commissioner for the taking of testimony, and on September 15, 1947, the commissioner having filed his report, an interlocutory decree of divorce was entered adjudging that the plaintiff was entitled to a divorce upon the ground of extreme cruelty, and awarding to him all of the community property of the parties. On September 24, 1948, a final decree was filed, dissolving the marriage and reaffirming the award of the community property to plaintiff.

On July 26, 1949, defendant, describing herself as "Mildred Schenck, formerly Mildred Daut," filed a notice of motion to vacate and set aside the default taken against her, and the interlocutory and final decrees, asserting that same had been taken and entered by reason of fraud and mistake, also asserting that the court had no jurisdiction in the matter and that said judgments were void. She also filed a proposed answer to the divorce complaint, and an affidavit in which she averred that neither summons nor complaint had been served upon her personally, and that her first knowledge of the entry of judgment against her was received December 8, 1948. She stated that on April 1, 1947, her address was and ever since had been "Mrs. W. E. Schenck, Larch Road, Briarcliff Manor, New York." By reference the proposed answer was made a part of her affidavit. The proposed answer set up as a separate defense that on May 15, 1946, she had filed a suit for divorce

from plaintiff in Maryland, that plaintiff had been summoned as defendant therein, that he had filed an answer in said court and was represented by counsel, and had in said answer admitted that she as plaintiff in said action had been a resident of Maryland for more than one year; that said action had been tried on June 18, 1946, and a decree then rendered severing the bonds of matrimony between the spouses.

The trial court heard the motion on August 12, 1949, at which time counsel for movant moved that the two decrees be set aside on the ground that they had been secured by reason of fraud, mistake, and without due process of law, and that the court was without jurisdiction to enter such decrees. He offered, and there was received in evidence, without objection, the affidavit filed by Mildred in support of the motion, and a transcript of the proceedings in the Maryland divorce action showing the parties were divorced nearly a year prior to the filing of the California action. He likewise introduced the entire file in the California divorce action. George Daut was called under section 2055 of the Code of Civil Procedure, and identified certain letters which he admitted he wrote to Mildred. In the first, written August 27, 1947, he discussed property settlement with her, and said that his attorney had urged him to go into court but he had refused; and he added: "as far as I am concerned things can go as they are for a while, until we both reconsider." On November 12, 1948, he again wrote her saying that regarding any kind of a settlement he would like to hear further on any suggestions she had. The former letter was written after he had secured the interlocutory decree, and the latter one after the entry of his final decree. On December 2, 1948 he wrote Mildred that he had secured a final decree, enclosed a copy of same, and said: "It looks like this makes us even. We both have a separate divorce."

On August 12, 1949, after the hearing upon the motion, the trial court granted same, setting aside the decrees and default, and giving the defendant 10 days after notice to answer the complaint. It was stated in the order that defendant was not given "due process of law"; that the court never acquired jurisdiction to adjudicate the case, and that both decrees were void.

This appeal is taken from the aforesaid order.

The evidence produced at the hearing on defendant's motion shows without contradiction that appellant appeared

by attorney in the Maryland action and that he filed an answer to the complaint therein in which answer he admitted the wife's residence in Maryland for a sufficient time to authorize that action; that the Maryland court held that plaintiff had shown grounds for divorce, and that it made and entered its decree dissolving the bonds of matrimony theretofore existing between the parties. That decree became final. It thereupon became entitled to full faith and credit in this state, and was and is beyond attack in the present action. (*Heuer* v. *Heuer,* 33 Cal.2d 268 [201 P.2d 385]; *Sherrer* v. *Sherrer,* 334 U.S. 343 [68 S.Ct. 1087, 92 L.Ed. 1429, 1 A.L.R.2d 1355]; *Coe* v. *Coe,* 334 U.S. 378 [68 S.Ct. 1094, 92 L.Ed. 1451, 1 A.L.R.2d 1376]; *Estate of Schomaker,* 93 Cal.App.2d 616 [209 P.2d 669]; *Knox* v. *Knox,* 88 Cal.App.2d 666 [199 P.2d 766].) The former spouses ceased to be husband and wife and became single persons. The California court therefore acquired no jurisdiction to entertain the present action. From and after the Maryland decree the property of the parties which had been community property became the common property of the two and the trial court had no power to award same to plaintiff. (*Estate of Brix,* 181 Cal. 667 [186 P. 135]; *Tarien* v. *Katz,* 216 Cal. 554 [15 P.2d 493, 85 A.L.R. 334]; *Calhoun* v. *Calhoun,* 81 Cal.App.2d 297 [183 P.2d 922]; *Fieger* v. *Fieger,* 28 Cal.App.2d 736 [83 P.2d 526]; *Lorraine* v. *Lorraine,* 8 Cal. App.2d 687 [48 P.2d 48]; 5 Cal.Jur., § 32, p. 360; 3 Cal.Jur. 10-Yr.Supp., § 153, p. 673.) The evidence also shows that in prosecuting his action in this state and in securing the decrees in his favor, plaintiff committed such fraud upon the trial court as justified the setting aside of such decrees.

That appellant knew of the Maryland decree is evidenced by his letter to respondent in which he stated that now both had divorce decrees. He did not inform the court of the prior dissolution of the marriage. Furthermore, after his filing of his action in this state in which he prayed that the community property be awarded him, and while he was securing from the trial court a decree awarding the community property to him, he was carrying on a correspondence with respondent regarding a settlement of their property rights which was well calculated to mislead her as to his intentions and to forestall the entry into her mind of his prosecution of a divorce action in California. He concealed all of this from the court. Had plaintiff revealed the facts to that court, it would, doubtless, have arrived at a different conclusion. Compare *Harada* v. *Fitzpatrick,* 33 Cal.App.2d 453 [91 P.2d 941];

*Campbell-Kawannanakoa* v. *Campbell,* 152 Cal. 201 [92 P. 184]; *Landon* v. *Landon,* 74 Cal.App.2d 954 [169 P.2d 980].

Such fraud is extrinsic and justifies a court in setting aside prior decrees in a divorce action. See *Tomb* v. *Tomb,* 120 Cal. App. 438 [7 P.2d 1104], and cases therein cited. Also see *Rivieccio* v. *Bothan,* 27 Cal.2d 621 [165 P.2d 677].

■ And where extrinsic fraud is practiced upon a court there is no statutory limitation upon the time within which application for relief may be made. (*Tomb* v. *Tomb, supra;* *McGuinness* v. *Superior Court,* 196 Cal. 222, 230 [237 P. 42, 40 A.L.R. 1110]; *Estate of Estrem,* 16 Cal.2d 563, 571 [107 P.2d 36]; *Rivieccio* v. *Bothan, supra,* at page 625; *Rhea* v. *Millsap,* 68 Cal.App.2d 449, 453 [156 P.2d 941]; *Deyl* v. *Deyl,* 88 Cal.App.2d 536, 539 [199 P.2d 424].)

In what we take to be in the nature of an opinion the court stated in its order that the affidavit of mailing executed by plaintiff averred that copies of summons and complaint were addressed to ''Mildred Laverne Daut, Larch Road, Briarcliff Manor, New York,'' while the person to be served was, according to plaintiff's affidavit, then going under the name of Mrs. W. E. Schenck, and therefore the papers should have been directed to her under that name; that it was not reasonably probable that a letter addressed to Mrs. Mildred Laverne Daut would be delivered to Mrs. W. E. Schenck; that she did not receive such a letter and that she was never personally served with summons. Then followed the order of the court setting aside the decrees of divorce. But since the opinion of the court was not an essential part of the order, and since the court held that it had never acquired jurisdiction to adjudicate the case, we cannot assume that its conclusion was based solely upon what it appears to have thought was insufficient service upon defendant. Since its order setting aside the decrees finds ample evidentiary support in the record, and the foregoing authorities support such conclusions in point of law, it is unnecessary to determine whether or not its reasoning regarding the sufficiency of substituted service is sound.

The order appealed from is affirmed and the action is sent back for such further proceedings as may be proper in view of the opinion herein expressed.

Van Dyke, J., and Peek, J., concurred.