[Civ. No. 17648. Second Dist., Div. Two. Aug. 7, 1950.]

CHARLES NIEMANN, JR., Appellant, v. MARILYN DEVERICH, Respondent.

John M. Dvorin, A. L. Abrahams and Henry B. Ely for Appellant.

Francis B. Cobb for Respondent.

WILSON, J.—Action on a promissory note dated November 1, 1946, for the sum of $6,950 signed by Marilyn Deverich and Albert Deverich. Defendant Marilyn filed an answer admitting her signature on the note and alleging as affirmative defenses that she was a minor at the time she signed the note and that after reaching her maturity she disaffirmed the obligation; that she received no consideration for the purported obligation; that the same was incomplete and was never executed or delivered by her to plaintiff; that prior to the date of the purported note a guardian of her person and estate had been appointed, guardianship proceedings had never been terminated, and the purported obligation was not executed or approved by her guardian, was not approved by the court and

no claim thereon had been filed in the guardianship proceedings. She further alleged that at the time of her marriage to defendant Albert he had a wife living from whom he had not been legally divorced; that she was 19 years of age when she married him and subsequently procured a decree of annulment of the marriage.

The evidence is not before us, the appeal having been taken on the judgment roll and a statement of the case which merely set forth the points plaintiff desired to present on the appeal.

The facts as recited in the findings are as follows: Defendant Marilyn was born on April 25, 1926, and her 21st birthday was the 25th day of April, 1947; on August 4, 1933, in the Superior Court of Los Angeles County, Alzoa Garland Scott was appointed guardian of her person and estate; the guardianship has never been terminated; no order of the court was obtained permitting the transaction with plaintiff or the execution of the promissory note which is the subject of the action.

On January 3, 1946, Albert Deverich filed a complaint for divorce in the district court of the state of Idaho against his then wife Marjorie May Deverich; on January 4 the defendant entered her appearance in the action, admitted service of summons and complaint, waived time to answer, notice of motion to set, notice of trial, and all further proceedings and consented that the action be heard as a default. On the same date the default of defendant Marjorie was entered, the action was tried, the court found that the plaintiff had been a resident of the state of Idaho for the statutory jurisdictional period immediately preceding the commencement of the action and adjudged that the marriage be dissolved.

On January 8, 1946, four days after the entry of the decree of divorce, defendants in the instant action, Marilyn and Albert, entered into a marriage ceremony in Yuma, Arizona, and until February 28, 1947, lived together as man and wife and held themselves out to be such, which fact was known to and relied upon by plaintiff Niemann in accepting the note sued upon.

On April 8, 1947, defendant Marilyn, by her guardian *ad litem*, filed a complaint in the superior court of Ventura County for the annulment of her marriage, alleging the same was void for the reason that defendant Albert, ever since December 10, 1937, had had a wife living, and the purported decree of divorce obtained by him in Idaho was void. Defendant Albert consented that his default be entered and the court

adjudged the marriage void from the beginning and annulled the same.

On April 25, 1947, defendant Marilyn delivered to plaintiff a written disaffirmance of the promissory note which is the subject of this action. The court found that Marilyn did not receive any consideration from plaintiff and was not required to return any consideration to him.

Prior to October, 1946, Marilyn signed the promissory note sued on herein. The date, name of payee and the amount of the note were blank when she signed it. The blanks were filled by Albert Deverich before the note was delivered to plaintiff.

The foregoing is a statement of facts as found by the trial court. Appellant does not contend that any finding is not sustained by the evidence.

As conclusions of law the court declared that the promissory note was signed by Marilyn in blank when she was under 21 years of age; she was entitled to give the notice of disaffirmance and having received no consideration she was not required to restore anything to plaintiff; at the time of the signing of the note she was under the legal disability of a guardianship proceeding pending in the superior court of Los Angeles County; her affairs were under the control of her guardian, and no consent of the court was obtained with respect to the note or to any of the transactions above mentioned.

Upon the foregoing findings of fact and conclusions of law the court adjudged that plaintiff take nothing as against defendant Marilyn Deverich. From this judgment plaintiff has appealed.

When the Ventura decree of annulment of the marriage of defendants Marilyn and Albert was offered in evidence plaintiff objected to the introduction of the proceedings on the grounds that by reason of the fact that he was not a party to the action the decree was not binding on him, citing sections 25 and 86 of the Civil Code; that the evidence of such proceedings was an impairment of the obligation of his contract, denied him due process of law, and denied full faith and credit to the Idaho decree of divorce, citing *Sherrer* v. *Sherrer*, 334 U.S. 343 [68 S.Ct. 1087, 1097, 92 L.Ed. 1429, 1 A.L.R.2d 1355], and *Coe* v. *Coe*, 334 U.S. 378 [68 S.Ct. 1094, 1097, 92 L.Ed 1451, 1 A.L.R.2d 1376]. Plaintiff maintains that the Idaho decree of Albert from his former wife determined his marital status and since that decree purported to dissolve his marriage to Marjorie he was free to marry defendant

Marilyn. The answer to this contention is that the Ventura decree annulled the marriage of Marilyn and Albert on the ground that the Idaho decree was void and that Albert was the lawful husband of Marjorie when the marriage ceremony between him and Marilyn was performed. The evidence offered (1) in the Idaho case, (2) in the Ventura trial, and (3) in the trial of the instant case is not before us and we are not called upon to review any one of those proceedings.

We cannot go behind the Ventura decree since it has become final and it must be presumed that (1) the Ventura court heard evidence with reference to Albert's former marriage and to his purported residence and divorce in Idaho; (2) the evidence sustained the Ventura decree that his marriage to Marjorie still subsists and in consequence thereof his purported marriage to Marilyn was and is void.

The case of *Daut* v. *Daut, ante,* p. 375 [220 P.2d 63] (decided July 10, 1950, and not yet final) is not in conflict with our conclusions. That action was between the same persons who had been parties to a former divorce action in Maryland in which the plaintiff in the California case had submitted to the jurisdiction of the Maryland court by filing an answer to the complaint. The defendant wife in the California case, plaintiff in Maryland, contested the action and based her defense on the Maryland decree. In the instant case a stranger to the Idaho divorce action is involved and she was the plaintiff in the Ventura annulment case wherein the decree is final. Her putative husband was defendant in the latter action and made no defense thereto.

Plaintiff relies on section 25[1] of the Civil Code to sustain his position. That section provides that "any female

---

[1]Section 25 reads: "Minors are all persons under 21 years of age; provided, that this section shall be subject to the provisions of the titles of this code on marriage and shall not be construed as repealing or limiting the provisions of Section 204 of this code; provided, further, that any female who has reached the age of 18 years and thereafter contracts a lawful marriage, or who has contracted a lawful marriage and thereafter reaches the age of 18 years, shall in the first instance upon contracting such marriage, and in the second instance upon reaching the age of 18 years, be of the age of majority and be deemed an adult person for the purpose of entering into any engagement or transaction respecting property or her estate, or for the purpose of entering into any contract, the same as if she was 21 years of age. Subsequent judgment of annulment of such marriage shall not deprive such female person of her adult status once attained under the foregoing provision, unless such judgment is obtained in an action commenced prior to her reaching the age of 18 years, in which latter event she shall be deemed to have remained a minor at all times notwithstanding such marriage."

who has reached the age of 18 years and thereafter contracts a lawful marriage. . . shall . . . be of the age of majority and be deemed an adult person . . . for the purpose of entering into any contract, . . ." This provision refers to a "lawful" marriage, hence a marriage, in order to accomplish adulthood of a minor female, must be "lawful." If it is not lawful it is not a marriage and her minority status remains unchanged.

 The lawfulness of the marriage must be shown. If, as in the instant case, the validity of the marriage is questioned the jurisdiction of the court and the disability of the guardianship remain in effect until the validity of the marriage is determined. If it were not so a wilful ward could frustrate the purpose of the guardianship by contracting an illegal marriage and by such marriage free himself from the protection which the law has provided and which the court was endeavoring to give by the appointment of a guardian. (*Guardianship of Jacobson*, 30 Cal.2d 312, 322 [182 P.2d 537].) Through her guardian *ad litem* the validity of Marilyn's marriage was attacked in the Ventura court. That court having rejected the Idaho proceedings and the purported decree of divorce therein entered, we need not look further into this phase of the proceedings since in determining the instant case the trial court and this court on appeal are bound by the Ventura judgment.

The object of the statute is to protect the persons and estates of those who lack capacity to properly care for themselves and to preserve their property from improvident use. Since the marriage of defendants was not a "lawful" marriage, Marilyn is not "deemed an adult person," she was legally incapable of entering into a contract, and the promissory note sued on is therefore void as to her.

Plaintiff further relies on section 86[2] of the Civil Code. As to this contention he is confronted with the "settled principle of law that one deals with infants at his peril." (*Pollock* v. *Industrial Acc. Com.*, 5 Cal.2d 205, 211 [54 P.2d 695].) In that case the court remarked that the effect of the opinion would be to compel the insurance carrier to pay the Industrial Accident Commission's award twice—seemingly a harsh and unjust result, but such was the consequence of the carrier's having dealt directly with a minor.

---

[2]Section 86 reads: "A judgment of nullity of marriage rendered is conclusive only as against the parties to the action and those claiming under them."

█ The law shields minors from their lack of judgment and experience and under certain conditions vests in them the right to disaffirm their contracts. Although in many instances such disaffirmance may be a hardship upon those who deal with an infant, the right to avoid his contracts is conferred by law upon a minor ''for his protection against his own improvidence and the designs of others.'' It is the policy of the law to protect a minor against himself and his indiscretions and immaturity as well as against the machinations of other people and to discourage adults from contracting with an infant. Any loss occasioned by the disaffirmance of a minor's contract might have been avoided by declining to enter into the contract. (*Flittner* v. *Equitable Life Assurance Society*, 30 Cal.App. 209, 216 [157 P. 630] ; *Tracy* v. *Gaudin*, 104 Cal.App. 158, 160 [285 P. 720].)

█ While a person deals with a minor at his peril whether or not he has notice, actual or constructive, of the minor's disability, plaintiff in the instant case is chargeable with notice of the fact that Marilyn was under the disability of minority when he accepted her note. Her guardianship proceedings were instituted and a guardian of her person and estate was appointed by the Superior Court of Los Angeles County in 1933. Such proceedings have been at all times a public record, of which plaintiff is presumed to have had notice, and have been notice to the world of the incapacity of the ward to enter into a contract. The guardianship proceedings have never been terminated. The guardian did not join in or consent to the transaction with plaintiff and the court did not authorize or approve it.

Our conclusion that defendant Marilyn is not liable on the promissory note sued on for the reasons above expressed renders it unnecessary to discuss the further defenses presented.

Judgment affirmed.

McComb, J., concurred.

Mr. Presiding Justice Moore deeming himself disqualified does not participate herein.