[Civ. No. 19650.   Second Dist., Div. Two.   Oct. 19, 1953.]

ETHEL MARIE HADEN, Appellant, v. EUGENE W. HADEN, Respondent.

J. H. Morris and Richard Morris for Appellant.

Tanner & Thornton and Francis D. Thornton for Respondent.

MOORE, P. J.—The questions for decision are (1) whether the filing by a wife in a Nevada court of a waiver of service and a general appearance in an action brought by her husband for divorce is sufficient "participation" by her to validate the judgment; (2) whether duress arises out of a husband's telephonic conversation from Las Vegas to his wife in Los Angeles saying that "if I didn't sign the papers and send them, he would still get the divorce or he would go away to Canada and we wouldn't see him any more."

Appellant and respondent were married March 2, 1918. Their only son was born March 5, 1927. They separated March 5, 1943. On March 18, 1945, he journeyed from Los Angeles to Las Vegas, Nevada, where he remained until May 8, 1945. But on the last day of the preceding April, he sued for divorce and on May 7th appellant filed her general appearance and waiver of service of summons. Six days before he left Los Angeles, they executed a property settlement whereby appellant was given title and possession of all community property. After their separation and prior to their agreement, they had many arguments concerning their property and a contract for the settlement thereof. Finally, when respondent proposed to her that one or the other of them go to Nevada and get a divorce, she accepted on condition that respondent would give her everything.

Such a settlement was made and the contract to effectuate it was prepared by Attorney Bragin on the joint request of the parties although respondent had no previous acquaintance with such lawyer. Thereby appellant became sole owner of

all the community estate which consisted of a home in Burbank, its furniture and furnishings and an automobile. Within a short time appellant sold her home and all the movables therein for $4,000.

Promptly upon his return to Los Angeles on May 8, 1945, respondent married another woman. Concededly, he lost no time in forming the new alliance. He had worked until his departure from Los Angeles and returned to his same position on the last mentioned date. As a consequence, appellant now contends that (1) respondent's residence in Nevada was not in good faith and that he never gave up his residence in California; (2) by virtue of the nature of his sojourn in Nevada and by reason of her not participating in the Nevada trial, the court had no jurisdiction to grant a divorce; (3) the appearance and waiver were not freely executed by reason of coercion and threats and her not having advice of counsel; (4) the settlement was not freely and voluntarily made and was therefore not binding.

## RESIDENCE IN NEVADA

■ The argument that respondent did not reside for the requisite term in Nevada prior to his filing for divorce and did not have a sincere intention to abandon his California residence with the purpose of gaining such Nevada residence as would entitle him to sue for divorce is without support. Of course, if respondent had gone to Nevada for the sole purpose of obtaining a divorce on substituted service, he would have a problem. But before he left for Nevada he not only had a property settlement with appellant, but she promised to make an appearance in his action. That she actually did so is not disputed. Therefore, when he sued her on statutory grounds and she appeared in the Nevada court, the technicalities and niceties concerning residence and service of summons disappear. When both parties are by proper pleadings in a Nevada court, it has jurisdiction to dispose of all the issues according to the law and the evidence. (*Coe* v. *Coe,* 334 U.S. 378 [68 S.Ct. 1094, 1097, 92 L.Ed. 1451, 1 A.L.R.2d 1376].) Under such circumstances the courts of Nevada or of any state have the sole right of determining the sufficiency of the residential qualifications of a litigant.

■ Appellant contends that because she was not represented by counsel and no evidence was introduced on her behalf she did not participate in the Nevada trial and therefore the decree is not entitled to full faith and credit. Such is not the law. A defendant appears when he "gives the

plaintiff written notice of his appearance'' or answers or demurs. (Code Civ. Proc., § 1014.) █ When appellant filed her appearance, she thereby submitted to the jurisdiction of the court. (*Sherrer* v. *Sherrer,* 334 U.S. 343 [68 S.Ct. 1087, 1097, 92 L.Ed. 1429, 1 A.L.R.2d 1355] ; *Coe* v. *Coe, supra*; *Estate of Schomaker,* 93 Cal.App.2d 616 [209 P.2d 669] ; *Johnson* v. *Muelberger,* 340 U.S. 581 [71 S.Ct. 474, 95 L.Ed. 552].) █ An appearance and a failure to answer constitute an admission of the truth of the allegations of the complaint. (*Marvin* v. *Marvin,* 46 Cal.App.2d 551, 554 [116 P.2d 151].) Mrs. Sherrer of Massachusetts filed for divorce in Florida. Her husband retained a lawyer in the southern state who filed a general denial of all allegations of the complaint. Because the husband's counsel did not cross-examine or introduce any evidence, the decree was nonetheless valid and withstood attack by an independent action in Massachusetts. The court distinguished *Williams* v. *North Carolina,* 325 U.S. 226 [65 S.Ct. 1092, 89 L. Ed. 1577, 157 A.L.R. 1366], where the decree was based upon a publication of service, whereas in *Sherrer* v. *Sherrer* the court made findings of requisite jurisdictional facts. ''The defendant there appeared and participated.'' (Page 352.)

█ There was no inhibition against appellant's personal presence in the Nevada court. She had knowledge of the pendency of the action. She had sufficient funds to enable her to travel and to employ a lawyer right then. Instead of acting with diligence she waited for six years after she had been divorced and until her son had attained the age of 25 years before coming into the consciousness that she had been defrauded. In the *Estate of Schomaker, supra,* it was held that in testing the validity of a Nevada decree of divorce, it is sufficient if the defendant in the Nevada court has participated in the proceedings and had full opportunity to litigate the issue. Mrs. Schomaker had an experience similar to that of appellant herein. While her husband was already in Nevada she settled with his attorney for all her interest in his property and was told by the lawyer that she could go to Nevada to oppose the divorce, but she said she did not wish to do so. She was told that it was best to submit to the jurisdiction of the Nevada court by going there or by appointing an attorney in fact to be served with summons. She knew the sale price of her husband's business was $35,000. She did not have the benefit of independent legal advice as did not appellant herein, nor did she participate any more than by appointing the attorney to waive time and notice of trial. It was held that

where the finding of the "requisite jurisdictional facts . . . in divorce proceedings in another state in which defendant appeared and participated and the decree has become final, it must be given full faith and credit in the courts of this state." (See *Daut* v. *Daut*, 98 Cal.App.2d 375 [220 P.2d 63].) In the Daut case the defendant merely filed an appearance which conferred jurisdiction.

■ A judgment presumes jurisdiction over the subject matter and over the persons. ■ It is only where the defendant spouse has neither appeared nor been served in the other state that the California court can reopen the issue of domicile. (*Cook* v. *Cook*, 342 U.S. 126, 128 [72 S.Ct. 157, 96 L.Ed. 146].) *Gromeeko* v. *Gromeeko*, 110 Cal.App.2d 117 [242 P.2d 41]; *Staedler* v. *Staedler*, 6 N.J. 380 [78 A.2d 896], and *Brasier* v. *Brasier*, 200 Okla. 689 [200 P.2d 427], are distinguished by the laws governing domiciliary residence or by errors in court rulings on the admissibility of evidence.

## No Duress

■ Appellant contends the judgment should be reversed because she was compelled by duress to execute the property settlement and had no independent legal advice concerning it. His threat according to her own testimony was his telephonic statement from Nevada to her in Los Angeles that if she did not execute the property settlement agreement as he suggested, she would not see him any more. There is no law that such a threat constitutes duress. The only civil statute on the subject makes duress consist of unlawful confinement of a loved one or the unlawful detention of his property. (Civ. Code, § 1569.) Respondent did neither. While he was in Las Vegas, over 500 miles away, appellant in Los Angeles signed the waiver and appearance. She had legal talent readily at hand to advise her. But instead of seeking guidance then, she waited six years to expend the fruits of the community property before charging she had been swindled by duress and a fraud had been committed on the court of Nevada.

## Property Settlement Fair

■ The court below heard the evidence submitted with respect to the conduct of respondent in making the contract with appellant. The testimony of Mr. Haden was that he did not threaten to leave for Canada if appellant would not sign the property settlement agreement; he did not tell her he would not contribute any money for the support of herself and the son, if she did not sign it. The court found and con-

cluded that the agreement was fair, just and equitable and not the result of duress or coercion. Because it was supported by substantial evidence, it cannot be upset. Because the testimony of respondent was not inherently improbable, it should not have been rejected. (*Pierce* v. *Pierce,* 61 Cal.App.2d 694, 700 [143 P.2d 948].)

Judgment affirmed.

McComb, J., and Fox, J., concurred.