### In re John Benjamin VON BURG, Debtor.

### Meri VON BURG, Plaintiff,

### v.

### Sherree EGSTAD, Does I through Five, inclusive, Defendants.

### Bankruptcy No. 280–03336–D. Adv. No. 281–0853.

### United States Bankruptcy Court, E. D. California.

### Jan. 20, 1982.

James O. Beus, Stockton, Cal., for plaintiff.

Philip H. Shedd, Sacramento, Cal., for defendants.

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Bankruptcy Judge.

On September 14, 1981, plaintiff, Meri Von Burg, filed an adversary complaint in these bankruptcy proceedings of her ex-spouse, John Von Burg. Plaintiff's complaint captioned, "Complaint Requesting Injunction," seeks to enjoin any further collection actions by Sherree Egstad, the assignee for collection of Stockton Teachers Credit Union (hereinafter STCU). STCU is the holder of a $7,500.00 claim against both John and Meri Von Burg evidenced by two joint and several unsecured promissory notes.

On February 23, 1978, and during the marriage of John Von Burg and Meri Von Burg, the Von Burgs borrowed $7,500.00 from STCU to pay certain community debts. The Von Burgs signed two joint and several unsecured promissory notes, one in the amount of $2,500.00 and the other in the amount of $5,000.00, to evidence their indebtedness to STCU.

Thereafter, on July 3, 1979, the Von Burg marriage was terminated by a final decree of dissolution. The property division pursuant to the dissolution decree provided that John Von Burg was to be responsible for the debts to STCU.

Following the dissolution decree, John Von Burg defaulted on the payments to STCU. Sherree Egstad, as assignee for collection of STCU, brought an action against John Von Burg and Meri Von Burg in the Municipal Court of San Joaquin County. This action was based on the $2,500.00 note then in default. On June 3, 1980, judgment was entered against both John Von Burg and Meri Von Burg in the sum of $3,421.21, a sum which included costs and attorney's fees. On October 30, 1980, John Von Burg filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and on March 4, 1980, he received a discharge of his debts. On January 12, 1981, Sherree Egstad filed another action in San Joaquin Municipal Court pursuant to the $5,000.00 note against Meri Von Burg. The collection actions taken by Sherree Egstad against Meri Von Burg have become the subject matter of the instant controversy.

Plaintiff, Meri Von Burg, contends that the discharge granted to her ex-spouse, John Von Burg, also discharged her indebtedness on the joint and several notes to STCU. As authority for her contention she

cites 11 U.S.C. section 524(a)(3). Plaintiff asserts that because the debt was incurred during her marriage to John Von Burg as a community obligation and because the dissolution court ordered John Von Burg to pay the STCU debt, this brings her case within the provisions set forth in 11 U.S.C. section 524(a)(3). For the reasons stated below, this Court disagrees with the plaintiff's position.

## DISCUSSION

■ It is uncontroverted that the joint and several indebtedness which is the subject of these proceedings was an obligation of the community of John Von Burg and Meri Von Burg on February 23, 1978, the date that it was incurred. However, on July 3, 1979, a date subsequent thereto, the marriage of John and Meri Von Burg was terminated by a final decree of dissolution. After the final dissolution decree, property of the parties which had been community property becomes the common property of the two. *Daut v. Daut*, 98 Cal.App.2d 375 at 378, 220 P.2d 63.

■ Thus, on October 30, 1980, when John Von Burg filed his voluntary petition in bankruptcy, there was no community property in existence nor would any after-acquired community property of the Von Burg marriage come into existence. Thus, pursuant to 11 U.S.C. section 541, only the separate property of debtor becomes property of the bankruptcy estate. Also, on the date that John Von Burg filed his bankruptcy petition, he did not have a spouse.

The relevant language of 11 U.S.C. section 524(a)(3) is:

"(a) A discharge in a case under this title—

" . . .

"(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is *acquired after the commencement of the case*, on account of any allowable claim . . . *in a case concerning*

the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived." (Emphasis added.)

11 U.S.C. section 524 is clearly inapplicable to the facts of the plaintiff's case because she was not the spouse of the debtor on the date that the debtor filed bankruptcy nor would there be any after-acquired community property of the Von Burg marriage to protect from creditors of the dissolved community property. Since plaintiff cannot invoke the provisions of 11 U.S.C. section 524(a)(3), her personal indebtedness to STCU has not been discharged, nor can she successfully seek an injunction from the Bankruptcy Court wherein her ex-spouse is the sole debtor.

The conclusions stated above are consistent with the purposes of 11 U.S.C. section 524(a)(3) as explained in Collier on Bankruptcy, 15th Ed., p. 524–13, footnote 16.

"The partial discharge is of no benefit to the nondebtor spouse if the parties do not remain married, nor was it intended to be. The intent of the partial discharge is to protect the fresh start of the debtor. If the debtor's marriage is dissolved, and the nondebtor remarries, the prebankruptcy creditors of the nondebtor spouse will have the same status as any other prenuptial creditors of the nondebtor and to that extent may reach community assets acquired by the nondebtor and his or her new spouse. *They may also reach any community property distributed to the nondebtor as a result of a dissolution decree.*" (Emphasis added.)

The purposes of 11 U.S.C. section 524(a)(3) as stated in the language from Collier on Bankruptcy, 15th Ed., would not be furthered by permitting the ex-spouse of a debtor to take advantage of the debtor's discharge to avoid her personal obligations. Clearly, there would be no benefit to the fresh start of the debtor to discharge the debts of a person to whom he is no longer obligated. Moreover, the property of the

ex-spouse was not drawn into the bankruptcy estate and thus Meri Von Burg would be given a double advantage if her debts were also discharged.

For the reasons stated above, the injunctive relief prayed for by the plaintiff is denied. This Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law and counsel for the defendant will prepare and submit a Judgment consistent with this Opinion.